HORTON, Judge.
The petitioner seeks by certiorari to quash an order of the circuit court vacating and setting aside a default judgment entered in a common law action.
The petitioner, as administrator of the estate of Robert Lee Sugar, deceased, sued the respondents Max L. Blek, as administrator of the estate of Arthur Freedman, deceased, and Caribbean Cargoes, Inc., a Florida corporation, for the alleged negligent death of Robert Lee Sugar, a co-pilot of an aircraft owned by the respondent Caribbean Cargoes, Inc., and piloted by the deceased, Arthur Freedman. Process and a copy of the complaint for damages were personally served upon the respondent Max L. Blek, as administrator of the estate of Arthur Freedman, deceased, on January 3, 1964. When Max L. Blek, as administrator, failed to answer or plead to the complaint, a default judgment was entered against him on January 31, 1964. On June 11, 1964, the trial court set the cause of action for trial during the week of September 21, 1964. On August 21, 1964, the petitioner served upon the respondent Max L. Blek a copy of a notice of the taking of the deposition of a witness. On September 17, 1964, Dora Freedman, who described herself as “widow and sole beneficiary of the estate of Arthur Freedman, deceased,” moved the court to remove the cause from the trial calendar. In her motion, Dora Freedman admitted the personal service of a copy of the summons and *273 complaint in the action on Max L. Blek as administrator of the estate of Arthur Freedman, deceased, and his failure to file an answer or other defense within the time required by law. She further complained that Max L. Blek had not notified her that the suit was pending or had been filed and that she had just recently learned of Max L. Blek’s failure to answer the complaint and the pendency of the suit. It was indicated in her motion that she had filed a petition in the county judge’s court seeking to discharge Max L. Blek as administrator of the estate of Arthur Freedman, deceased, and to have herself appointed as the personal representative. This motion was denied on September 30, 1964. The cause was reset for trial during the week of December 14, 1964, by an order of the trial judge which was likewise entered on September 30, 1964. On October 5, 1964, there was filed in the cause a “notice of appearance” by attorneys allegedly representing Dora Freedman, ad-ministratrix c. t. a., d. b. n., of the estate of Arthur Freedman, deceased. This notice was followed approximately two months later on December 1, 1964, by a motion on behalf of Dora Freedman as administratrix to set aside the default judgment. This motion alleged that Dora Freedman was the widow of the decedent Arthur Freedman and that the prior administrator of the estate, Max L. Blek, had failed to file an answer to the complaint or to give her notice of the pendency of the suit. It was further alleged that as soon as she had learned of the default judgment, petition had been filed before the county judge to remove Max L. Blek as administrator and to substitute herself as administratrix in his place and stead and that she now had been appointed admin-istratrix by the county judge and had a meritorious defense to the claim. This motion was heard on December 11, 1964, resulting in an order entered December IS, 1964, vacating and setting aside the default judgment entered on January 31, 1964. It is this latter order which the petitioner seeks to have quashed.
The petitioner contends that the trial court grossly abused its discretion in vacating the default judgment and relies in part on the decision in the case of North Shore Hospital, Inc. v. Barber, Fla.1962, 143 So.2d 849, wherein the Supreme Court of Florida stated in substance that if a party were guilty of gross neglect a default would not be opened. On the other hand, the respondent contends that since it was her predecessor, administrator Max L. Blek’s dereliction which occasioned the entry of the default, she should be relieved of the effect of such default on the showing that she had moved promptly upon the removal of Max Blek and the substitution of herself as administratrix.
The North Shore Hospital case was decided before the effective date of an amendment to Rule 1.38 of the Florida Rules of Civil Procedure, 30 F.S.A. Subsection (b) which was added to Rule 1.38, became effective July 1,1962, and provides in part that. “ * * * the court may relieve a party or his legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect * [Emphasis supplied]. We understand the-addition of subsection (b) to Rule 1.38 was. intended to liberalize the setting aside of orders inadvertently entered or orders which were occasioned by mistake or excusable neglect, but we do not understand that the-rule was so liberalized as to permit a defaulting defendant, without any excusable-reason, to continue in his default for a period of more than ten months. It is true, as. the respondent Dora Freedman argues, that the neglect of her predecessor might ultimately be visited upon her in the event the default was not set aside. In this connection we observe that it was the estate which was served through the personal representative, Mr. Blek, and such default, neglect, or defalcation of which he might be guilty is a factor over which the county judge’s court, is not without jurisdiction to remedy. There-was no duty on the part of the petitioners, here to notify Dora Freedman of the pend-ency of the action or to serve her with proc *274 •ess as she was not the representative of the estate. Her remedy, if any, is against her predecessor as administrator of the estate ■and the sureties on his bond, if any. There is no showing here that the petitioners were in any way responsible for the default of the then administrator, Max L. Blek, and absent •any other showing, it is our conclusion that the administrator was guilty of gross neglect which must now be borne by the successor representative of the estate. Although respondent argues in her brief that she has a meritorious defense to this claim, nevertheless her motion to vacate the default, upon which the order vacating same is premised, •contains only a bare conclusion that she possesses such defense.
Concluding as we have that the trial judge’s order vacating the default judgment was a gross abuse of discretion, it follows that the same should be and is hereby •quashed.