CARROLL, Judge.
This is an appeal by an administrator de bonis non from an order dismissing his action against the surety on the bond of his predecessor, the executrix who was removed by the probate court.
The administrator’s action was against the surety alone. The complaint alleged *54 the executrix had filed bond for $2,000 on which the defendant was the surety; that the executrix had mismanaged the estate, causing her removal and resulting in loss to the estate of more than $3,000. Defendant’s motion to dismiss was granted, and the cause was dismissed with prejudice. This appeal is from that order.
There is statutory provision in Florida for a devastavit action. In Black’s Law Dictionary, devastavit is defined as “the act of an executor or administrator in wasting the goods of the deceased; mismanagement of the estate by which a loss occurs.” Thus, the complaint stated a cause of action, but the problem presented in the trial court was one of misjoinder or nonjoinder of parties.
The statutory provisions relating to dev-astavit are as follows:
“733.52 Devastavit
“When an action suggesting a dev-astavit is brought against any .personal representative, if such personal representative cannot show that he has fully administered according to law, he and his sureties shall be personally charged to the extent of assets not duly administered by him.”
“733.53 Who may suggest devastavit
“An action suggesting devastavit may be brought against the personal representative by any person interested in the estate. When a personal representative resigns, dies or is removed, an action suggesting devastavit may also be brought against him or his executors or administrators and against his surety or sureties by the remaining or successor personal representative.”
The appellee surety argues that under the foregoing sections of the statute the personal representative is a necessary party to a suit against the surety. We can not agree. By authorizing suit “against him [the personal representative] and against his surety,” the statute does not compel a joint suit. The personal representative and the surety on his bond are severally liable in such a devastavit action, because the claim against the representative is for breach of duty in his office and the claim against the surety is-on the bond contract. Likewise, if the-claims against both are asserted under the bond, their liability is joint and several. The statute for such bonds (§ 732.61, Fla. Stat, F.S.A.) provides: “In form the-bond must be joint and several.” Therefore, when § 733.53 dealing with devastavit actions authorizes suit against both the-representative and the surety, that language does not necessarily mean that they must be sued together, or that they may not be sued separately.
Section 734.24, Fla.Stat., F.S.A., which deals with suit on the bond of a personal representative, provides:
“Any bond given by a personal representative or a curator, upon the breach thereof may be put in suit and prosecuted from time to time by the party damaged, in the name of the governor of the state for the use of the party damaged, until the whole penalty of said bond is recovered. * * * ”
The appellee argues, and we agree, that § 734.24 requires that suit be brought in the name of the governor. The statute requiring such a bond by a personal representative (§ 732.61, Fla.Stat., F.S.A.) provides that it shall be made payable to-the governor. Appellant shows no reason to excuse failure to comply with the requirement for suit on such bond to be. brought in the name of the governor. For-that reason the trial judge was correct in concluding there was a misjoinder of parties. However, rule 1.18, F.R.C.P., 30-F.S.A., provides: “Misjoinder of parties, shall not be ground for dismissal of an action. Parties may be dropped or added *55 by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. * * *”
The Cause should not have been dismissed, although the motion to dismiss was well founded for misjoinder of parties. Instead, pursuant to rule 1.18, the trial court should have allowed plaintiff to amend by substituting or adding parties as found necessary, on such “just terms” as the trial court imposed.
Accordingly the order appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.