SWANN, Judge.
The appellant, defendant below, seeks review of a final judgment of the Civil Court *576 of Record following a verdict rendered in a non-jury trial. The appellee has not filed .a brief. The parties will be referred to as in the trial court.
The defendant’s automobile ran into plaintiff’s service station as the result of a collision with a co-defendant. The plaintiff filed an action to recover for the damages to his service station.
A default and final judgment were entered against defendant. The trial court, on its own motion, subsequently set aside this final judgment on the ground that the proof was not in conformity with the pleadings, but found the default was duly and properly entered. Plaintiff subsequently moved to amend the complaint and defendant moved to vacate the default and for permission to file defensive pleadings.
The court granted plaintiff’s petition to amend the complaint as to damages and denied the defendant’s motion to set aside the default.
The defendant then filed a cross claim against the co-defendant, which was struck by the court on the co-defendant’s motion.
In a non-jury trial at which counsel for defendant appeared and participated, the court found for the plaintiff against appellant-defendant, ordering her to pay the sum of $396.00, together with lawful costs of $28.00, and found the co-defendant not guilty. The defendant in her appeal assigns as error the following:
1. That the court erred in denying motion to set aside the default and allow her to file defensive pleadings..
2. That the court erred in granting co-defendant’s motion to strike cross claim.
3. That the court erred in admitting into evidence unsupported verbal statements of plaintiff concerning damages.
4. That the court erred in entering final judgment for plaintiff, as there was no valid evidence before court that the car that caused the damage was owned or operated by defendant.
The general rule is that relief from a default judgment may be granted within the sound discretion of the trial court upon showing of existence of a meritorious defense and legal excuse for failure to comply with rule, but default judgments may not be set aside for party guilty of gross negligence. Florida Investment Enterprises, Inc. v. Kentucky Co., Fla.App.1964, 160 So.2d 733.
The affidavit of the defendant admits service of the complaint and summons upon her, but says she was without funds at that time to employ an attorney to represent her and that her time to plead expired before she was able to find an attorney to represent her without any assurance of subsequent payment for his services.
There is no allegation of any attempt made to contact other lawyers or the Legal Aid Society for help. The Legal Aid Society is maintained by the Dade County Bar Association for the specific purpose of rendering legal aid to indigent persons.
We sympathize with the plight of defendant, but cannot agree that the trial court abused its discretion in refusing to set aside the default on the alleged grounds. To do so would permit the setting aside of a default against any person who alleged that he was financially unable to employ a lawyer prior to the entry of the default.
The court having properly refused to set aside the default was correct in striking defendant’s alleged cross claim against the co-defendant.
The other errors attack the sufficiency of the evidence resulting in the judgment. We have carefully reviewed the record before us and find that there is sufficient evidence to support the judgment of the trial court.
For the reasons stated, the judgment is
Affirmed.