SWANN, Judge.
Appellant, Max L. Blek, appeals from an order of the County Judge of Dade County, Florida, which discharged him as Administrator c. L a. of the estate of Arthur Freedman; appointed appellee as Adminis-tratrix c. t. a.; and retained jurisdiction of appellant and the surety company on his bond “for the entry of such further orders as justice may require.”
The facts giving rise to this appeal are stated generally in the case of Sugar v. Blek, Fla.App.1965, 172 So.2d 272. Essentially they may be summarized by stating that the appellant was removed as Administrator c. t. a. of the estate for his failure to object to and defend the claim in the suit in Sugar, supra, and for permitting a default and final judgment to be entered against the estate.
Appellant has suggested five points on appeal, two of which merit serious consideration. First, he contends that the administrator of an estate which has no assets does not have to defend a claim and suit against the estate for money damages and he may not be removed for failing to do so. Secondly, he asserts that a County Judge does not have power to retain jurisdiction over the removed administrator and the surety on his bond for the entry of such further orders as justice may require.
When the contentions in Point One were advanced at the hearing, the County Judge made the following comment:
******
“ * * * [I]n his capacity as the officer of this Court appointed by this Court in the administration of that estate, he was served with a summons for the recovery of a judgment against this estate. He chose to ignore that summons and allow a default judgment to be entered against the estate of the decedent that he was sworn to protect. He didn’t do it upon the basis that the suit was a proper claim against the estate and wasn’t subject to defense; he *372 didn’t do it upon the basis that the decedent owed the money, but he simply said, I haven’t got anything that belongs to the estate, so they can get all the judgments they want, and he just went about his business.
“In the very few years that I have been on the Bench in this Court, I have seen numerous occasions where estates thought to be without assets developed to have considerable assets. After discovered assets are so common in nature that we even have a statute on the books in this state governing the situation for the administration of after discovered assets. We recently had a law passed by the legislature for the disclosure or unearthing of dormant accounts and assets held for fifteen years or more without being claimed. In many instances, we find many thousands of dollars being received by estates that were unheard of up to that point in the course of administration. Should we have discovered such assets in this case, the negligence of the personal representative in allowing willfully, without disclosure to anyone, a judgment being entered against the estate that had wiped out those assets, I don’t think that we are in a position now to say that this estate has not been harmed by this judgment * * *
“Frankly, I know that there have been innumerable cases where personal representatives have wanted to abandon an asset of the estate because it was not to the best interests of the estate that the asset be administered. * * * and the personal representative has sought the order of the Court authorizing them to abandon those assets of the estate.
“Certainly, if an administrator is going to go to that length to be authorized to abandon a worthless asset, he should equally be charged with the responsibility of seeking authority of the Court in putting the interested parties on notice that he is allowing someone to obtain a judgment against the estate, because a judgment is not against the personal representative as an individual, but it is against the estate. He stands to lose nothing. It is the estate that stands to lose, the estate that he has been charged with the responsibility of protecting, which he has taken an oath to protect.”
* * * * * *
This statement comports with reason and logic and is one with which we agree, under the circumstances in this matter.
We conclude that the trial judge’s action in removing the administrator c. t. a. was proper under the authority of Goggin v. Shanley, Fla.1955, 81 So.2d 728, where it was stated in Chief Justice Drew’s concurring opinion:
* * * * * *
“ ‘ * * * But if the estate is required to pay a claim because of the negligence of a personal representative, the remedy of the estate lies in surcharging the personal representative’s account. In other words, the ultimate loss falls on the personal representative. This could also arise by suffering a judgment negligently. Suppose after objection a law action is filed and the executor fails to defend and offer evidence. A judgment is entered. Who would argue that the estate couldn’t be required to pay the judgment or that the County Judge could order the judgment invalid. The judgment would be paid and the Executor surcharged for the amount. The basic point is that it is the personal representative, not the County Judge, who is charged with the responsibility of administering an estate. The personal representative, like any other person, is held to the legal consequences of his acts or omissions. * * >»
******
*373 Turning to the second point advanced by the appellant concerning error in the retention of jurisdiction over the appellant and his surety company, we observe the following from 21 Am.Jur. Executors and Administrators § 990:
* * * * * *
“In the absence of any statutory provision to the contrary, actions on administration bonds are governed by the rules controlling actions on bonds generally.
“As a general rule, the only remedy on an administration bond is by suit at law, and no action can be brought in reference thereto in equity; but it seems that a court of equity may, under special circumstances, have jurisdiction in actions to establish the liabilities of sureties. * * * ”
* * * * * *
In the case In re Sackett’s Estate, Fla.App.1965, 171 So.2d 906, the county judge entered an order which revoked and set aside a previous order of final discharge of an executor in an estate proceeding. The order appealed contained the following pertinent language: “that the said W. Cecil Grant shall stand by and do and abide whatsoever this court or any other court having jurisdiction of said cause, may lawfully consider.” We adopt the following language of Judge Wiggington, for the court:
* * * * * *
“ * * * It is not clear to us, nor do we care to speculate as to just what the county judge had in mind when he incorporated the above-quoted provision in his order revoking the order of discharge. It seems trite to say that all past actions of appellant, both individually and as executor of the Sackett estate, are presumed to have been lawful and proper in all respects until the contrary is established in a proper proceeding in which appellant is afforded due process and equal protection of the law. There is nothing in the record before us to justify the county judge in ordering appellant to conform with and abide by orders, judgments, or decrees which have not yet been entered by any court on any subject touching upon appellant’s obligations and liabilities growing out of his association with the decedent, or his duties as executor of her estate. The foregoing quoted portion of the order appealed is held to be surplusage and is hereby quashed and reversed. In all other respects the order appealed is affirmed.”
******
In the instant cause, there is no question of defalcation, or misappropriation of estate funds. The record clearly reflects that the only charge against the appellant was that his negligence in not defending the suit or objecting to the claim resulted in a judgment against the estate.
The estate might sustain a loss by reason of the subsequent acquisition of property which could be taken to satisfy the default judgment. In that event, a cause of action[1] might arise in favor of the beneficiaries against the appellant and his surety, based upon the appellant’s neglect in incurring the default and judgment against the estate. However, there can be no cause of action until there is a loss. There is no basis for the trial court to retain jurisdiction of the appellant and his surety where there is no present existing cause of action, and the court erred in so ruling.
The order appealed is therefore affirmed in all respects except that portion which retained jurisdiction of the appellant and his surety company “for the entry of such further orders as justice may require”, and is reversed as to that portion of the order.
Affirmed in part and reversed in part.

. See Dixon v. Travelers Indemnity Co., Fla.App.1965, 174 So.2d 53.