199 So.2d 107 (1967)
WINTER PARK ARMS, INC., a Florida Corporation, Appellant,
v.
William Y. AKERMAN, Donald T. Senterfitt, George T. Eidson, Jr., William B. Mesmer, William H. Robbinson, James E. Wharton, Maurice M. Paul, and Robert Dyer, Trading and Doing Business As Akerman, Senterfitt, Eidson, Mesmer & Robbinson, Appellees.
No. 1103.
District Court of Appeal of Florida. Fourth District.
May 25, 1967.
*108 William D. Rowland, Winter Park, for appellant.
Robert Dyer of Akerman, Senterfitt, Eidson, Mesmer & Robbinson, Orlando, for appellees.
GONZALEZ, JOSE A., Jr., Associate Judge.
Plaintiffs, William Y. Akerman et al., sued defendant, Winter Park Arms, Inc., upon an account for legal services rendered.
Service of process was effected upon N.O. McDowell, Jr., president of the defendant corporation, on July 16, 1966. The defendant did not answer or otherwise plead within the twenty (20) days allowed, and a default and final judgment were thereafter duly entered on August 10, 1966.
On September 7, 1966, defendant moved for relief from judgment pursuant to former Rule 1.38(b), Fla.R.C.P., 30 F.S.A. Although the motion fails to expressly recite the reasons relied on, it appears from the record that the ground asserted was excusable neglect as set forth in Rule 1.38(b) (1).
Defendant's motion further alleged that it had a meritorious defense. Defendant also filed its answer together therewith admitting it had employed plaintiff, but denying the amount of the balance due, that the legal services were rendered, and the reasonableness of the charges.
Hearing was thereafter had before the court upon the motion. The testimony of Mr. McDowell, defendant's president, in substance disclosed that he was, in fact, served with process; that he thereupon called the office of one of the major stockholders of the corporation and learned that said stockholder was out of town; and that thereafter he took no action to employ counsel or to defend the case.
The general rule in cases such as this is that the relief may be granted within the sound discretion of the trial court upon a showing of the existence of a meritorious defense and a legal excuse for failure to comply with the rules. Florida Investment Enterprises, Inc. v. Kentucky Co., Fla.App. 1964, 160 So.2d 733, 735; Somerville v. Skidmore, Fla.App. 1965, 175 So.2d 575.
The absence of either of these elements, however, will defeat his attempt to set aside a default. Chaney v. Headley, Fla. 1956, 90 So.2d 297, 299.
The trial judge found in his order denying the relief prayed for that defendant had failed to show excusable neglect.
By this appeal, defendant urges that the trial court's refusal to grant its motion for relief constituted an abuse of discretion.
We disagree and are unable to hold that any abuse of discretion has been demonstrated or any error made to appear.
It has long been the law of this state that default judgments will not be set aside because of gross negligence, Waterson v. Seat, 1863, 10 Fla. 326; accord, Florida Investment *109 Enterprises, Inc. v. Kentucky Co., supra; nor will they be set aside by reason of the failure of defendant to employ an attorney in the matter or to appear at the trial on the issue of damages, Austin Burke, Inc. v. Vigilant Insurance Co., Fla.App. 1965, 179 So.2d 600; and the latter is true though the defendant be indigent. See Somerville v. Skidmore, supra.
Appellant also argues that the failure of defendant's president to act after being properly served with process constitutes excusable neglect insofar as the defendant corporation is concerned.
Without discussing this proposition extensively, suffice it to say that to adopt such a rule would permit the setting aside of any default judgment against a corporation who alleged that its president was negligent in the discharge of his duties.
In order to entitle a corporate defendant to relief under Rule 1.38(b) (1) on grounds of excusable neglect, such defendant must allege and prove the excusable neglect of its officers or agents or otherwise the relief prayed for will be denied.
It is clear that a liberal rule is applied in Florida in all situations where a default may be set aside and a trial on the merits achieved. We cannot say, however, that said rule has been breached here.
In considering the exercise of discretion courts must recognize that litigants may not properly be allowed with impunity to disregard the process of the court; and, indeed, it would be an abuse of discretion to vacate a judgment where the moving party shows no legal ground therefor and offers no excuse for his own negligence or default. Federal Enterprises, Inc. v. Frank Allbritten Motors, Inc., W.D.Mo. 1954, 16 F.R.D. 109.
If, as here, the showing be inadequate to fairly establish "excusable neglect", the simple, even if sometimes unpleasant duty of the court, is to find accordingly and deny the relief sought. Ledwith v. Storkan, D.C. Neb. 1942, 2 F.R.D. 539, 545.
For the foregoing reasons the order appealed from is
Affirmed.
WALDEN, C.J., ANDREWS, J., concur.