252 So.2d 400 (1971)
Manuel E. COWEN et al., Appellants,
v.
James R. KNOTT et al., Appellees.
Nos. 70-667, 70-678, 70-732, 70-733.
District Court of Appeal of Florida, Second District.
August 20, 1971.
Rehearing Denied October 7, 1971.
*401 Morris E. White, John W. Boult and Edward M. Waller, Jr., of Fowler, White, Gillen, Humkey, Kinney & Boggs, Tampa, and Fisher, Sauls, Adcock & Keough, St. Petersburg, for appellant Manuel E. Cowen and other individuals.
Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, for appellant First National Bank in St. Petersburg.
Adrian S. Bacon of Bacon & Hanley, St. Petersburg, for appellees.
MANN, Judge.
Mistake compounded is reversible error. Two appellants argue two parallel errors, either of which would be tolerable if the record were not burdened by the other.
Appellees sold several hundred acres to Cowen and took a purchase money mortgage expressly disclaiming the right to a deficiency judgment upon foreclosure. A collateral agreement provides that the amount of the mortgage is to be reduced by $1,000 per acre if it should be finally determined by a court of record that title had not vested in grantors.
*402 Cowen conveyed to First National Bank in St. Petersburg as trustee for unnamed beneficiaries, now known to be Cowen and others. Trustee and beneficiaries were named defendants in this foreclosure action. Upon being served, the trustee wrote Cowen advising that he defend on behalf of the beneficiaries. The bank followed the practice of requesting interested parties to provide counsel of their choice in defense of actions brought against it as trustee.
Defensive pleadings were filed, but in the name of the individuals. Prior to final hearing, default was taken against the trustee, which the trial judge refused to vacate. Upon proffer of testimony in support of their defense that title had not vested in the grantors, and that consequently the amount owed was diminished by more than two hundred thousand dollars, the trial judge refused to permit the individual beneficiaries to adduce evidence on the ground that the trustee was the proper party to the action.
Fla.R.C.P. 1.210(c), 30 F.S.A., provides that it is not necessary to make the beneficiaries parties, but that the Court may order them to be made parties. Here they were joined by the plaintiff in the complaint, and not improperly. There is ample authority which allows beneficiaries to appear and defend where the trustee fails to do so.[1] It is incongruous that in Florida, where insurer and insured litigate hand in hand,[2] a trial judge should forbid these real parties in interest from the defense of their own cause after entering default against their trustee because the answer was filed on behalf of beneficiary-parties instead of in the name of the trustee.
Appellees' reliance on Ferraro v. Parker, Fla.App.2d 1969, 229 So.2d 621, is misplaced. That case explained the nature of the Illinois Land Trust, sanctioned in Florida by Fla. Stat. § 689.071, F.S.A., and discussed in McKillop, The Illinois Land Trust in Florida, 1960, 13 U.Fla.L.Rev. 173. Of course trust administration is simplified if controversies involving interests in the land are handled by the trustees for what might be a multitude of beneficiaries. The beneficiaries are therefore not necessary to the conduct of a foreclosure, but here they were made parties and litigated against the mortgagees for years before learning at final hearing that they had, in the words of appellees' counsel, "absolutely no interest" in this property.
The default should have been vacated anyhow. It is doubtful that The First National Bank of St. Petersburg was even slightly, and certain that it was not grossly, negligent. No case brought to our attention by the appellees supports the order denying the motion to vacate default. In Winter Park Arms, Inc. v. Akerman, Fla.App.4th 1967, 199 So.2d 107, the president of defendant corporation was served, called the office of a major stockholder, learned that the stockholder was out of town and "thereafter he took no action to employ counsel or to defend the case". Id. at 108. In Austin Burke, Inc. v. Vigilant Insurance Co., Fla.App.3d 1965, 179 So.2d 600, the corporate officer who had received service called the office of the trial judge on the date set for hearing, received confirmation that it would be held as scheduled, yet did not ask for any extension of time. In Somerville v. Skidmore, Fla.App.3d 1965, 175 So.2d 575, the defendant admitted service but claimed that she was without funds to hire an attorney and did nothing, although legal aid for indigents was available. In Sugar v. Blek, Fla.App.3d 1965, 172 So.2d 272, "the administrator was guilty of gross neglect." *403 Id. at 274. That is not this case at all, as will be apparent upon reading Justice Roberts' opinion in North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849, or Judge Rawls' in Florida Investment Enterprises, Inc. v. Kentucky Co., Fla.App.1st 1964, 160 So.2d 733. In both of those scholarly and exhaustive opinions the history of Florida treatment of default judgments and their vacation upon showing of good cause and meritorious defense is traced. Our preference is for decision on the merits, which the combination of orders appealed from thwarted.
We must deal briefly with the contention that the defense asserted is not meritorious. Appellees assert that no court of record has determined that the appellees had a defective title. That is true so far, but the Circuit Court is a court of record competent to try this issue on appellants' answer. Appellees put on one witness, one of the beneficiaries, who was asked whether he was not told by Attorney General, now Mr. Justice Ervin, that the Trustees of the Internal Improvement Fund did not contest appellees' title. The witness admitted that he had been so advised. Our distinguished former Chief Justice would be the last to suggest that his word in conversation is tantamount to a decree quieting title. This testimony is useless to prove the absence of a meritorious defense. The pleadings raise a serious question, and it should be determined after full and fair hearing on the merits.
Reversed and remanded.
HOBSON, Acting C.J., concurs.
McNULTY, J., concurs specially.
McNULTY, Judge (concurring specially).
I concur in the setting aside of the default against the trustee. There is ample to sustain such action within the purview of Rules 1.500(d) and 1.540(b), R.C.P., 31 F.S.A. I think it unnecessary, therefore, to decide herein whether the beneficiaries, having only a personal property interest in the Illinois land trust involved, are proper parties to a foreclosure action involving the land in trust.
NOTES
[1] Lansing v. Sundstrom, 1942, 379 Ill. 121, 39 N.E.2d 987; Gulda v. Second Nat. Bank of Boston, 1948, 323 Mass. 100, 80 N.E.2d 12. See Doke v. Williams, 1903, 45 Fla. 248, 34 So. 569; Green v. Brophy, 1940, 71 App.D.C. 299, 110 F.2d 539.
[2] Shingleton v. Bussey, Fla. 1969, 223 So.2d 713.