314 So.2d 598 (1975)
CENTRAL CHRISTIAN CHURCH OF BRADENTON, Appellant,
v.
SCHOOL BOARD OF MANATEE COUNTY, Florida, Appellee.
No. 73-876.
District Court of Appeal of Florida, Second District.
May 30, 1975.
As Modified on Denial of Rehearing June 25, 1975.
Christopher C. Larimore, of Garland, Garland & Larimore, Bradenton, for appellant.
E.N. Fay, Jr., of Mann, Fay & Price, Bradenton, for appellee.
PER CURIAM.
In 1928 Emma Kirkpatrick conveyed the subject property to certain trustees of the Palma Sola Special Tax School District by warranty deed which recited that the conveyance was made upon the specific condition and reservation that the property should be used for school purposes only and should the property cease to be used for school purposes, "the same shall revert back to the grantor, her heirs and legal representatives." The Palma Sola trustees conveyed the property to the Manatee County School Board by quitclaim deed in 1933. Both deeds were recorded. According to the complaint, the property has not *599 been used for school purposes since 1951, though the School Board has since that time continually maintained and cared for the improvements thereon and used the property for other activities. The School Board sought to quiet the title of the property against the reverter contained in Emma Kirkpatrick's deed on the theory of adverse possession.
Emma Kirkpatrick died in 1930, leaving a last will and testament which was admitted to probate in Manatee County. There were a number of general bequests in her will, including a gift of $3,000 to the Christian Church of Bradenton, Florida. The will then provided that her executor should "reduce all of my estate to cash by sale and transfer in accordance with the laws of the state where said property is situate and to reduce all and singular of my personal and real estate to cash in such manner, of whatever kind and wherever situate, and, after the payment of the debts of my estate and the legacies herein provided, to pay all the balance and residue of my estate in his hands to Howard National Bank of Kokomo, Indiana, as Trustee to have and to hold in trust" for purposes thereafter enumerated. An executor was appointed, and he was discharged several years later. Emma's estate was apparently insolvent to the extent that no assets were ever paid to any of the beneficiaries under her will. The Howard National Bank was declared insolvent in 1931 and thereafter dissolved.
Defaults were obtained against all of the defendants except appellant. The appellant filed an answer claiming to be the successor to the Christian Church of Bradenton, Florida and denying the allegations of adverse possession. In order to permit title to be quieted and the property sold, the parties stipulated for appellant's claim to proceed in personam against the School Board rather than against the property. Thereafter the court entered a judgment on the pleadings against appellant on the premise that because the appellant was not a personal representative, heir, devisee or trustee it had no standing to challenge the School Board's title to the property.
The appellant is the alleged successor to a general legatee. Park Lake Presbyterian Church v. Henry's Estate, Fla.App.2d 1958, 106 So.2d 215. Under the language of the will and Fla. Stat. § 734.06 (1973) the general legatees were entitled to first priority among the beneficiaries in any proceeds derived from the sale of any real estate. Admittedly, this property was not listed as an asset of the estate but at that time nothing had occurred which would have caused the reverter to come into play. If the property ceased to be used for school purposes in 1951, title would have presumably reverted to Emma's heirs and legal representatives. The fact that these legal representatives are now nonexistent or uninterested should not preclude the appellant from making its claim as a real party in interest. See RCP 1.210(a).
Reversed.
McNULTY, C.J., and HOBSON and GRIMES, JJ., concur.