405 So.2d 764 (1981)
Helene PEARLMAN, Appellant,
v.
Arthur PEARLMAN, As Personal Representative of the Estate of Harry Pearlman, Deceased, and Mount Sinai Hospital of Greater Miami, Inc., and Mount Sinai Medical Center Foundation, Inc., Appellees.
No. 81-67.
District Court of Appeal of Florida, Third District.
November 3, 1981.
*765 Heller & Kaplan and Robert Golden and Lisa H. Green, Miami, for appellant.
Adams & Ward, Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellees.
Before NESBITT, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
Helene Pearlman, petitioner below, appeals from the order of the circuit court striking her motion to set aside final judgment pursuant to Florida Rule of Civil Procedure 1.540(b). We hold that Helene Pearlman, though not a named party to the action, has standing to move to set aside the judgment entered in favor of appellees under Rule 1.540(b) because her rights were directly and injuriously affected by the judgment which was allegedly obtained by fraud.
In May of 1979, appellees filed a claim against the Harry Pearlman estate for a one-million-dollar pledge that Harry Pearlman had made to appellees during his life-time. Arthur Pearlman, son of Harry Pearlman and personal representative of the Pearlman estate, objected to the appellees' claim. Appellees then filed a complaint against Arthur as personal representative. The trial court entered a judgment upholding the validity of the oral pledge. Less than one year after that judgment, Helene Pearlman, Harry's widow, filed a motion seeking to set aside the judgment on the grounds that the judgment in question was obtained by collusion between appellees and Arthur. Helene attached to the motion the amended complaint she had filed against Arthur and appellees in a separate case which was still pending in circuit court. In the motion Helene claimed that fraud was committed upon the court. In the attached complaint Helene alleged specific facts to the effect that Arthur Pearlman as president, chief operating officer, and stockholder of Duke Industries, Inc. which sold supplies for profit to Mount Sinai Hospital was placed in a conflict of interest as he was also an officer and trustee of Mount Sinai Hospital and the personal representative of the estate from which Mount Sinai Hospital was claiming a million-dollar pledge. Helene also alleged specific facts to the effect that Arthur conspired with others to permit a non-contested judgment to be entered in favor of Mount Sinai Hospital for the purpose of committing fraud upon Helene and causing approximately three hundred thousand dollars of the claim to be paid from funds which Helene would receive from the estate rather than out of funds which would accrue to the benefit of Arthur as residual beneficiary.
Appellees filed a motion to strike Helene's Rule 1.540(b) motion on the grounds that she did not qualify under the Rule as a proper party to file the motion since she was neither a party to the proceeding nor a legal representative of the party to the proceeding. After a hearing, the trial court entered an order striking Helene's motion and denying Helene's ore tenus motion to reserve jurisdiction of her motion to set aside final judgment pending a ruling in her separate lawsuit.
Florida Rule of Civil Procedure 1.540(b) which is substantially the same as Federal Rule of Civil Procedure 60 provides that the court, under certain circumstances, may relieve a party or his legal representative from a final judgment.[1] The rule does not require that a motion be filed only by a party to the original action.[2] Florida Rule of Civil Procedure 1.540(b) and Federal Rule of Civil Procedure 60 incorporated the substance of common law and equitable ancillary remedies for relief from judgment, including that of a bill in the nature of review, a remedy which could be brought by *766 persons not a party to the original action. See Fla.R.Civ.P. 1.540(b) and 7 Moore's Fed. Prac. § 60(b), et seq. (2d ed. 1979). Courts interpreting the federal rule (and state rules with identical provisions) have held that a person who is a stranger to the action has standing under the rule to move for vacation of the judgment when that judgment was obtained by fraud or collusion and directly affected the rights of that person. Southerland v. Irons, 628 F.2d 978 (6th Cir.1980); United States v. International Telephone & Telegraph Corp., 349 F. Supp. 22 (D.Conn. 1972), aff'd mem., 410 U.S. 919, 93 S.Ct. 1363, 35 L.Ed.2d 582 (1973); Mathieson v. Hubler, 92 N.M. 381, 588 P.2d 1056 (N.M.App. 1978); Liston v. Butler, 4 Ariz. App. 460, 421 P.2d 542 (1966). See also National Power & Paper Company v. Rossman, 122 Minn. 355, 142 N.W. 818 (1913), decided prior to amended Federal Rule 60.
These writings and decisions are to be considered by us in interpreting the Florida rule. Zuberbuhler v. Division of Administration, 344 So.2d 1304 (Fla.2d DCA 1977), cert. denied, 358 So.2d 135 (Fla. 1978). Like the Federal Rule upon which it is based, the Florida rule incorporated the substance of prior remedies. See Rule 1.540(b); Barns and Mattis, 1962 Amendments to the Florida Rules of Civil Procedure, 17 U. Miami L. Rev. 276 (1963). Under the Florida law, a third person may seek equitable relief from a judgment obtained by fraud if he has a sufficient interest in that judgment. Milgram v. Lee, 200 So.2d 238 (Fla. 3d DCA 1967). There is some confusion under Florida law, however, whether an unnamed party is limited to relief by independent action. In Ramey v. Thomas, 382 So.2d 78 (Fla. 5th DCA 1980), the court found that failure to fulfill a fiduciary duty to reveal material facts to the court was fraud and affected the substantial rights of non-parties to the suit allowing them to seek equitable relief. The court cited Rule 1.540(b), Ramey, supra at n. 8, but in the same footnote stated that the motion should have been filed as an independent action. Though in particular cases the statute of limitations or other reasons might require that a violation under Rule 1.540(b) be treated as an independent action, we find, based on the discussion above, that an unnamed party is not limited to an independent action. It is true that the original remedy of unnamed parties, a bill in the nature of review, was to be brought as an independent action, while the remedy of named parties, a bill of review, could be brought by motion. 7 Moore's Fed. Prac., supra, § 60.15[1]. These remedies, however, were abolished and their substance incorporated into the Federal rule and into the Florida rule. See Rule 1.540. We find no purpose served in perpetuating the technical distinction between abolished remedies and no reason to believe that by stating that the procedure for obtaining relief from a judgment shall be by motion or by an independent action, the rule acts to preserve the distinction between these old remedies. The alternative right to an independent action does not affect a person's ability to file a motion under the rule. The Federal and the Florida rule is to be broadly construed. 7 Moore's Fed. Prac., supra at § 60.15[8]. The rule incorporates the substance of the prior remedies. In addition, the right under the rule to relief by motion and the separate right to relief by means of an independent action are to be treated interchangeably negating for purposes of standing, any distinction between the two. H.K. Porter Co. v. Goodyear Tire & Rubber Co., 536 F.2d 1115 (6th Cir.1976); 7 Moore's Fed. Prac., supra, § 60.31. See, e.g., Ramey v. Thomas, supra; Buncombe County v. Penland, 206 N.C. 299, 173 S.E. 609 (1934). See also Cuthill v. Ortman-Miller Machine Co., 216 F.2d 336 (7th Cir.1954) (relief by either means). Accordingly, we hold that an unnamed party whose rights were directly and injuriously affected by a judgment fraudulently obtained may seek relief from that judgment either by motion or by independent collateral attack. Neither remedy is exclusive of the other.
We reject the argument of appellee Mount Sinai Hospital that the court's holding in Sugar v. Blek, 172 So.2d 272 (Fla. 3d DCA 1965) requires our finding that the *767 only action appellant as an unnamed party might have had would be against Arthur for his activities as personal representative. The issue in Blek, supra, was whether there was excusable neglect under what is now Florida Rule of Civil Procedure 1.540(b)(1), not whether there was standing and not whether there was fraud under Rule 1.540(b)(3). The court in Blek, supra, found that the appellant in her motion to vacate the judgment stated only a bare conclusion of a meritorious defense to the default claim and found that the original party was guilty of gross neglect which effect must now be borne by the appellant as successor representative of the estate. The right of a non-party to move under Rule 1.540(b) was not addressed.
In this case appellant has in her motion for relief stated ultimate facts tending to prove fraud. Her right to a lawful share of her husband's estate was directly affected by the judgment. Although not a named party, appellant, as a known heir and devisee under the will, is a real party in interest, cf. Central Christian Church of Bradenton v. School Board of Manatee County, 314 So.2d 598 (Fla.2d DCA 1975) (alleged successor to general legatee real party in interest with standing to challenge title to property) and Fla.R.Civ.P. 1.210(a), whose interests are represented by Arthur as personal representative of the estate, see § 733.212.[3] Applying our holding above to the facts of this case, we hold that appellant has standing under Florida Rule of Civil Procedure 1.540(b) to move that the court set aside the judgment and is not limited to the remedy of an independent collateral attack.
Because we find that appellant has standing under Rule 1.540(b) to attack the judgment by motion, we find it unnecessary to address the second issue raised by appellants as to whether a ruling on the motion should have been reserved until an adjudication on the merits in the independent action.[4]
Reversed and remanded for proceedings consistent with this opinion.
NOTES
[1] Florida Rule of Civil Procedure 1.540(b)(3) and Federal Rule of Civil Procedure 60(b)(3) provide:

On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment ... for ... fraud... . (emphasis added).
[2] Compare Rule 60(b) and 1.540(b), supra, with Rule 60(a) and 1.540(a) stating "on the motion of any party... ."
[3] We note that the requirement that a movant's rights be directly and injuriously affected in order to have standing under Rule 1.540(b)(3) may, in fact, involve a lesser standard than is required under similar rules; cf. United States v. International Telephone & Telegraph Co., supra, (amici-curiae had standing under Fed.R. Civ.P. 60, even if it did not meet requirements necessary to intervene).
[4] If the actions involve common questions of law or fact, as is suggested by the complaint filed in the independent action, the better practice would be to consolidate pursuant to Rule 1.270(a), Fla.R.Civ.P.