499 So.2d 2 (1986)
RANGER CONSTRUCTION INDUSTRIES, INC., Appellant,
v.
David O. HUFF and Gayle Huff, Appellees.
No. 4-86-0408.
District Court of Appeal of Florida, Fourth District.
October 29, 1986.
Rehearing and Certification Denied January 9, 1987.
Edward A. Marod and Thomas D. DeCarlo of Gunster, Yoakley, Criser & Stewart, P.A., West Palm Beach, for appellant.
Roy W. Jordan, Jr., of Law Office of Roy W. Jordan, Jr., West Palm Beach, for appellees.
PER CURIAM.
Ranger Construction Industries ("Ranger") appeals from the trial court's order denying its motion to quash service of process. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i).
We are persuaded that under the circumstances of this case, Ranger's lack of diligence in moving to set aside the default warrants affirmance. The trial court found that the claims/litigation file maintained by Ranger in the ordinary course of business contained the summons and complaint that was served upon the defendant on October 30, 1984, yet Ranger failed to move to set aside final judgment and quash service of process until October 18, 1985, almost a year later. We previously have indicated that we cannot countenance a challenge to service of process where the record reflects that the defendant had notice of a proceeding against him, but that he saw fit to "simply ignore the process, sit idly by, letting default be entered against it, a jury trial initiated and final judgment entered." Craven v. J.M. Fields, 226 So.2d 407 (Fla. 4th DCA 1969).
Our conclusion above makes it unnecessary for us to address the issue of the validity of service in this case.
AFFIRMED.
*3 LETTS and GUNTHER, JJ., concur.
ANSTEAD, J., concurs specially with opinion.
ANSTEAD, Judge, concurring specially.
I concur in the majority opinion, but I would also hold that, under the circumstances of this case, the trial court did not err in determining that proper service of process was demonstrated.