DELL, Judge.
David Struve, as trustee in bankruptcy for State Airlines, Inc. (State Airlines), filed a notice of appeal in three related cases. State Airlines’ corporate counsel and appel-lees moved to dismiss these appeals. This court deferred ruling on the motions to dismiss to this merits panel.
Appellees, Susan Menut and Paul Quinn, brought suit against State Airlines to recover for injuries sustained in a plane crash. State Airlines’ insurance company, British Aviation Insurance Company Ltd. (British Aviation), a designated agent of Lloyds of London, denied coverage and refused to defend. Appellees amended their complaint and State Airlines’ corporate counsel forwarded the complaint to British Aviation with a renewed request that they furnish a defense. British Aviation again refused to defend and referred State Airlines’ corporate counsel to an earlier letter in which they refused to defend the original complaint. Apparently the amended complaint was filed pursuant to an agreement reached between appellees, State Airlines’ corporate counsel and its president, that if State Airlines agreed to the amendment to the complaint, that no recovery would be sought from State Airlines or its president. State Airlines’ counsel stated in an affidavit which will be discussed in more detail, that appellees’ counsel asked him not to answer the amended complaint, that after consultation with the president of State Airlines and based upon the representation that neither State Airlines nor its president would be affected by further proceedings in the action, he did not file a responsive pleading. A default was entered and an agreement was reached for an arbitration panel to decide the amount of appellees’ damages. The arbitration panel found that appellee Menut sustained damages in the amount of $945,000 and that appellee Quinn sustained damages in the amount of $776,000.
Simultaneously with the proceedings in the circuit court, proceedings were taking place in the federal courts that affect this appeal.[1] On February 25, 1983, after Men-ut and Quinn had filed their complaints, State Airlines filed for reorganization in the federal court pursuant to 11 U.S.C. § 101 et seq. Appellees filed complaints to modify the Chapter 11 automatic stay. Ap-pellees stipulated “that any recovery resulting from a judgment against State Airlines shall be limited to insurance proceeds, if any, and pursuant to section 502C of the Bankruptcy Code.” The bankruptcy court entered an order modifying the automatic *423 stay so that the personal injury action could proceed to judgment. The order provided that “any recovery resulting from a judgment against State Airlines, Inc. shall be limited to insurance proceeds, if any.” The Chapter 11 proceeding was later converted to a Chapter 7 proceeding.
On February 6, 1985, appellees moved for entry of final judgment in accordance with the arbitration award. On February 11, British Aviation petitioned to intervene and to stay proceedings in the circuit court and on February 26 the attorney appointed for the trustee moved to stay the proceedings based upon the automatic stay provisions of the Bankruptcy Code. The trial court entered an order directing the parties to seek clarification in the bankruptcy court of the status of the automatic stay and the previous judgment modifying the automatic stay. On March 29, 1985 the bankruptcy court held that the order modifying the stay would remain in effect throughout the case. Following the bankruptcy court’s order, appellees renoticed their motions to enter judgment.
The attorney for the trustee filed objections to the entry of judgment and a motion to set aside the default, together with an answer to the complaint and a cross-claim. The attorney appearing at the hearing for appellant was appointed by the bankruptcy court to represent the trustee in this proceeding at British Aviation’s expense. He admitted that the trustee had no interest in the litigation since appellees stipulated that they would not enforce their judgment against the assets of the bankrupt (State Airlines) and that they would only seek to recovery on their judgments from available insurance proceeds. The attorney did not move on behalf of the trustee to intervene or to be substituted as counsel for State Airlines.
At the hearing, appellant’s attorney presented an affidavit signed by State Airlines’ corporate counsel. Briefly summarized, the affidavit stated that he (corporate counsel) was requested by appellees’ attorney to stipulate to an amendment to the complaint to add a cause of action that would be covered by State Airlines’ insurance policies, that he was assured that ap-pellees had obtained permission from the bankruptcy court to proceed against the insurance carriers and was given a copy of an order to that effect, that he was assured that appellees would not proceed against the assets of State Airlines, that he allowed a default to be entered, and agreed to arbitration proceedings to determine the amount of damages. He further stated he had information and believed that neither the aircraft nor the keys to it were in the possession or control of State Airlines, that the flight was not conducted while State Airlines was renting the aircraft, and that the keys were obtained without the permission of State Airlines and that the flight was not authorized by State Airlines. The trial court granted a motion made by corporate counsel to strike the attorney for the trustee’s objections to entry of judgment, motion to vacate the default, and the answer. The trial court also denied British Aviation’s motion to intervene and for an evidentiary hearing and entered judgments in favor of appellees. The final judgments provided, “Execution is withheld in accordance with the agreed judgment modifying automatic stay....”
Appellant claims that the affidavit of State Airlines’ corporate counsel contradicts the allegations of the amended complaint and that the court erred in striking the motion to set aside the default because it was based upon fraud and misrepresentation and constituted a collusive consent to default. Appellant also claims that the court erred in denying motions to stay based on the federal bankruptcy law and that the trustee in bankruptcy was a party and had standing to raise the issues of fraud. Appellant also claims that even if the trustee was not a party, he, as an interested party, may move to vacate a default for fraud.
Appellees argue that appellant cannot raise the issues raised in this appeal because the trustee never sought to be a party by substitution or intervention and because counsel for the trustee admitted that the trustee had no interest in the litigation. Appellees further argue that this appeal should be dismissed because it *424 is brought by one who was not a party in the trial court and therefore cannot be a party in the appellate court. King v. Brown, 55 So.2d 187 (Fla.1951); Estate of Maltie v. State, 404 So.2d 384 (Fla. 4th DCA 1981).[2]
Appellant responds to these arguments by citing Pearlman v. Pearlman, 405 So.2d 764 (Fla. 3d DCA 1981). Pearlman states:
Courts interpreting the federal rule (and state rules with identical provisions) have held that a person who is a stranger to the action has standing under the rule to move for vacation of the judgment when that judgment was obtained by fraud or collusion and directly affected the rights of that person.
Id. at 766 [Emphasis added, citations omitted].
It seems clear that the trustee in bankruptcy cannot claim that the judgment affects the bankrupt estate or its creditors. Here British Aviation obtained an ex parte order permitting the trustee to employ counsel, to be paid for by British Aviation, to file pleadings to vacate defaults entered after its refusal to defend. Counsel for the trustee did not move for substitution of counsel and did not move to intervene in this action. While the trustee might, in his discretion, have elected to intervene, the exercise of that discretion would not excuse corporate counsel from prosecuting the action.
If a trustee does not take up the prosecution of a suit the defendant is not released even where the right of action is one that might have passed to the trustee. The bankrupt may continue prosecution of the action, [citations omitted] The relationship, therefore, between the bankrupt and his trustee is for one and the same purpose — to get out of the bankrupt’s property and claims enough money to pay his debts and to relieve the bankrupt, through his discharge, from further responsibility.
Meyer v. Fleming, 327 U.S. 161, 66 S.Ct. 382, 90 L.Ed. 595 (1946).
Counsel for the trustee has made serious allegations of fraud and collusion that allegedly resulted in the underlying settlement and judgment. However, while counsel acts in the name of trustee in bankruptcy, it is apparent that the real party in interest is British Aviation who received a copy of the amended complaint together with a request to defend, but refused to undertake that defense. We do not view the charges of fraud and collusion lightly, but at this juncture, the only evidence that supports appellant’s motion to vacate the judgment is the affidavit of corporate counsel which is based upon information and belief. In Pearlman, the party filing the motion to vacate the judgment was affected by the judgment. Here, counsel candidly admitted that the bankrupt estate and the creditors would not be affected by the judgments. Under these circumstances, we think it is clear that appellant, David Struve as trustee for State Airlines, did not have standing in the trial court and does not have standing here to set aside the default based upon fraud and collusion.
We see this case, as we believe the trial judge saw it, a belated attempt by the insurance company to defend on the merits of this case. We do not reach this conclusion without some concern because of the serious allegation made by appellant. However, British Aviation is not without a remedy. The record shows that proceedings are presently pending in the federal court on appellees’ motion for writ of garnishment and complaint for declaratory relief. Therefore the allegations of fraud and collusion should be fully aired in either or both of those actions.
We find no merit in appellant’s argument that the trial court erred when it denied his motions for a stay based upon the federal bankruptcy law. The bankruptcy court’s order on motion for clarification unequivocally provides that the order that modified the stay remained effective, there *425 by permitting the action to proceed in the trial court through final judgment. The order modifying the automatic stay also provided that any recovery resulting from a judgment against State Airlines, Inc. shall be limited to the insurance proceeds, if any.
Therefore, we dismiss the appeals filed by State Airlines through David Struve, trustee, case numbers 85-1049, 85-1050 and 85-1051.
DISMISSED.
WALDEN and GUNTHER, JJ., concur.

. British Aviation refused to defend these actions on April 27, 1983 and on May 19, 1983 filed a complaint for declaratory relief. At the time of oral argument, the declaratory relief action filed by British Aviation had not been fully adjudicated.

. Counsel for appellant states that he has been retained by British Aviation to represent appellant in this appeal.