511 So.2d 1087 (1987)
Hubert FISCHER & Angeles De Fischer, Appellants,
v.
BARNETT BANK OF SOUTH FLORIDA, N.A., Appellee.
No. 87-113.
District Court of Appeal of Florida, Third District.
September 1, 1987.
Steinberg & Merlin and Robert Merlin, Miami Beach, for appellants.
Sparber, Shevin, Shapo & Heilbronner and Jerome Shevin and Michael S. Perse and Marsha C. Rosen, Miami, for appellee.
Before HUBBART, NESBITT and FERGUSON, JJ.
PER CURIAM.
This is an appeal by the defendants Hubert Fischer and Angeles de Fischer from a trial court order denying their motion to vacate an adverse final declaratory decree entered below on a default. We affirm the order under review for two reasons.
First, the defendants have failed to establish, as required by Florida law, that they did not timely respond to the petition for declaratory decree due to their excusable neglect. The defendants were properly served by publication and copies of the subject petition were mailed to them at their residence in Venezuela. The defendants, however, had just left Venezuela for *1088 a two-month visit in Europe without leaving anyone to monitor their mail while they were gone  although they were fully aware of the pending controversy in the instant case and were represented thereon by counsel in Miami during part of the pre-litigation negotiations. In sum, the defendants' failure to timely respond to the properly served petition herein was certainly due to their neglect, but their neglect was entirely inexcusable. Plainly, they should have had someone monitor their mail while they were away in Europe and left instructions as to how to respond to any lawsuit filed against them, in their absence, relating to the pending controversy in Miami. Their failure to do so was grossly negligent and inexcusable. Winter Park Arms, Inc. v. Akerman, 199 So.2d 107, 108-09 (Fla. 4th DCA 1967); Somerville v. Skidmore, 175 So.2d 575, 576 (Fla. 3d DCA 1965); see Florida Investment Enters. v. Kentucky Co., 160 So.2d 733, 737 (Fla. 1st DCA 1964).
Second, the defendants have failed to establish, as required by Florida law, that they acted with due diligence in seeking to set aside the final declaratory decree. The defendants obtained the final judgment against them shortly after they returned to Venezuela from Europe; yet it inexplicably took them five weeks thereafter to contact their counsel in Miami to look into the matter. Although counsel promptly acted upon being so contacted and immediately filed a motion to vacate the final declaratory decree herein, the prior five-week delay by the defendants was entirely inexcusable. See Bayview Tower Condominium Ass'n v. Schweizer, 475 So.2d 982, 983 (Fla. 3d DCA 1985); Westinghouse Credit Corp. v. Steven Lake Masonry, Inc., 356 So.2d 1329, 1330 (Fla. 4th DCA 1978); Cal-U-Sonic v. Metric Sys. Corp., 330 So.2d 63, 64 (Fla. 1st DCA), cert. denied, 339 So.2d 1167 (Fla. 1976). The order under review is, therefore, in all respects,
Affirmed.