PER CURIAM.
This cause is before us on appeal from an order denying appellant’s motion to set aside a judgment of foreclosure on residential property and a motion for rehearing. We affirm.
The issue raised is whether the trial court erred in denying the motion to set aside final judgment and motion for new hearing due to mistake, inadvertence, surprise, and excusable neglect.
Appellees filed a mortgage foreclosure complaint because appellant had failed to make mortgage payments. Appellant’s counsel, Herbert P. Sapp, Jr., filed a notice of appearance and acceptance of service of process. Subsequently, a motion for default was served, and a hearing on the motion was held. An answer, defenses, and cross-claim (intended to be a third-party complaint) were filed on the day of the hearing. The third-party defendant filed a motion for summary judgment, and the motion was granted.
Appellees moved for summary judgment on the note and mortgage. The court granted the summary judgment and reserved ruling pending a hearing on appellant’s affirmative defenses intended to be a counterclaim. Trial was originally noticed for the week of April 25, 1986.
After a new trial date was cleared with the judge and counsel for appellees, the matter was rescheduled for a judge trial on *1109 March 18, 1986. Further, Mr. Sapp received the following documents notifying him of the trial date: (1) amended notice of trial served February 13, 1986; (2) letter from appellees’ attorney to Mr. Sapp dated February 13, 1986; and (3) stipulated pretrial order initialed by both counsels dated February 26, 1986.
Mr. Sapp acknowledged receipt of all documents. At the final hearing on March 18,1986, appellees, their counsel, and three witnesses appeared. The appellees had traveled from their home in Lander, Wyoming. Mr. Sapp appeared but without witnesses or his client. Mr. Sapp indicated that his secretary inadvertently failed to note on his calendar that this case was set for trial. The trial court received testimony as to the amount owed on the note and mortgage. No testimony was presented as to the affirmative defenses, and a final judgment was entered for appellees. Mr. Sapp filed a motion for rehearing and a motion to set aside final judgment. After a hearing on April 25, 1986, the trial court entered an order denying both motions. Mr. Sapp filed an appeal on appellant’s behalf.
On appeal, the initial brief was stricken by order three times for failure to comply with Rule 9.200, Florida Rules of Appellate Procedure, and sanctions were imposed against Mr. Sapp for failure to comply with Rule 9.420, Florida Rules of Appellate Procedure. Although all three briefs contained certificates of service, in fact Mr. Sapp had failed to serve any of his briefs on appellees. Mr. Sapp also failed to serve an initial brief complying with Florida Rules of Appellate Procedure until 20 days after the day of the court’s order expressly directing that the brief be filed within ten days.
Mr. Sapp has failed to demonstrate that his actions in the handling of this case at the trial level were the result of “excusable neglect” and has not shown that the trial court abused its discretion in denying his motion to set aside the final judgment. See Winter Park Arms, Inc. v. Akerman, 199 So.2d 107 (Fla. 4th DCA 1967); Farish v. Lums, Inc., 267 So.2d 325 (Fla.1972). As to Mr. Sapp's handling of the appeal in this court, a prior panel of this court has imposed sanctions, and by order dated December 23,1986, directed the clerk of this court to furnish the record of these proceedings to The Florida Bar for such action as it may find appropriate.
AFFIRMED.
SMITH, C.J., and ERVIN and BOOTH, JJ., concur.