528 So.2d 929 (1988)
Ron GARVIN, Appellant,
v.
SOUTH CAROLINA INSURANCE COMPANY, Appellee.
No. 87-2021.
District Court of Appeal of Florida, Second District.
June 29, 1988.
Rehearing Denied July 26, 1988.
Robert Goldhagen of Goldhagen & Davis, Tampa, for appellant.
*930 Gerald T. Albrecht of Richard H. Wilson, P.A., Tampa, for appellee.
FRANK, Judge.
Ron Garvin was employed by Conda Construction Company as a subcontractor to erect roof trusses and apply the sheeting. During the evening of September 18, 1984, after completion of the day's work, the partially finished structure collapsed. South Carolina Insurance Company satisfied Conda's loss and was subrogated to the claim; it sued Garvin. Garvin was served with the complaint and summons on April 12, 1985. On May 22, 1985, because Garvin had failed to file an appropriate motion or responsive pleading, the clerk entered a default which ultimately ripened into a final judgment entered by the trial court on February 5, 1986. Garvin did not learn of the final judgment until April of 1986, when he was served with a subpoena issued in aid of execution.
Several months later, on September 4, 1986, Garvin's attorney filed a motion, verified by Garvin, for relief from judgment accompanied by an affidavit executed by George Conda. Conda's affidavit exonerates Garvin from responsibility for the wall's collapse and attributes the defect to a source other than Garvin  an obvious meritorious defense. In his verified motion, Garvin asserts that he spoke on several occasions with his insurance broker, Roque, concerning the litigation and was assured it was being taken care of by Aetna Insurance Company. Aetna, however, denied coverage based upon Garvin's failure to comply with the policy's notice provision. The trial court denied the motion for relief from judgment, leaving Garvin indebted in the amount of $12,970.92 plus interest and costs. Garvin appeals from the trial court's order, contending that the default falls within the scope of excusable neglect arising from the failure of his insurance broker, Roque, to notify Aetna of the pending litigation. See Kapetanopoulos v. Herbert, 449 So.2d 947 (Fla. 2d DCA 1984).
We affirm the trial court.
Notwithstanding that the timing of an attack upon a default judgment has been characterized as a factor that "may" be considered in conjunction with the elements of excusable neglect and a meritorious defense, Gibraltar Service Corporation v. Lone And Associates, Inc., 488 So.2d 582, 584 (Fla. 4th DCA 1986), we have consistently held that due diligence is essential to vacate a default judgment. See, e.g., Westinghouse Elevator Co. v. DFS Construction Co., 438 So.2d 125, 126 (Fla. 2d DCA 1983). Although Rule 1.540(b) of the Florida Rules of Civil Procedure provides an outside limit of one year in which to file a motion for relief from judgment grounded upon excusable neglect, the rule contemplates a shorter period measured by a standard of reasonableness. Cf. Fischer v. Barnett Bank of South Florida, 511 So.2d 1087 (Fla. 3d DCA 1987) (five week delay in communicating with counsel not due diligence); see Ranger Construction Industries, Inc. v. Huff, 499 So.2d 2 (Fla. 4th DCA 1986) (lapse of slightly less than one year from service to filing of motion to vacate default; no due diligence shown). We have been quick to note the extraordinary circumstance disclosing the apparent absence of liability in Garvin. Had Garvin exercised "due diligence" in reacting to the judgment once it was known to him, we would not be reluctant to reverse the trial court; indeed, there likely would not have been an adverse order. The trial court, however, did not abuse its discretion in the face of a six month span from the moment Garvin knew of the default judgment to the moment when he sought its vacation. Unfortunately, Garvin's counsel has neither here nor apparently before the trial court attempted to explain, let alone justify, the duration of inaction. On this record we find no abuse of discretion in the trial court's order denying Garvin's motion.
Affirmed.
DANAHY, C.J., and RYDER, J., concur.