PER CURIAM.
We affirm the trial court’s refusal to set aside the default entered against Andrew DeLillo, Jr., because Mr. DeLillo did not demonstrate due diligence in seeking relief upon learning of the default. Gibraltar Service Corporation v. Lone and Associates, 488 So.2d 582 (Fla. 4th DCA 1986); Garvin v. South Carolina Insurance Company, 528 So.2d 929 (Fla. 2d DCA 1988); Fischer v. Barnett Bank of South Florida, 511 So.2d 1087 (Fla. 3d DCA *174 1987). However, Mr. DeLillo is entitled to a trial as concerns the amount of damages since under the terms of the contract the damages were unliquidated. Cole v. Blackwell, Walker, Gray, 523 So.2d 725 (Fla. 3d DCA 1988); Dysart v. An Ultimate Pool Service & Repair, Inc., 536 So.2d 387 (Fla. 3d DCA 1989). We reverse on this account.
Affirmed in part; reversed in part; and remanded.
DOWNEY, LETTS and WALDEN, JJ., concur.