FERGUSON, Judge.
Isaac Woginiak died intestate on March 10, 1987, at age 68, leaving three sons, including the appellant, Roli Woginiak, all the offspring of a marriage which had ended in a divorce. Cecelia Kleiman, age 37, instituted a proceeding in the probate division of the circuit court on March 16, 1987, asserting that she was married to Isaac and that she was a surviving spouse and heir to his estate. She had herself appointed curator of Isaac’s estate without notice to his children.
Roli learned of Cecelia’s probate proceeding and petitioned for administration of his father’s estate alleging that he and his two brothers were the only heirs. The parties agreed that pending a resolution of their dispute Cecelia’s counsel, Harry Payton, *1210 and Roli’s attorney, Samuel S. Smith, would serve as co-curators in lieu of appointing a personal representative.
Notwithstanding all of the above, on March 24, 1987, Cecelia and her attorney, co-curator Harry Payton, without notice to Roli and his brothers, commenced an emergency proceeding in the general jurisdiction of the circuit court for an order declaring Isaac Woginiak and Cecelia Kleiman husband and wife. The court issued the requested order and directed the clerk to issue a marriage license to Cecelia and to sign it for the decedent.
After the marriage license was issued and signed on behalf of the deceased pursuant to the court order, a copy was mailed to Samuel Smith, appellant’s counsel and co-curator of the estate. Woginiak filed an emergency Rule 1.540(b)[1] motion to vacate the order establishing the marriage and directing the issuance of the marriage license, arguing that the order was void because he had not been served with notice of the proceedings and because the issue of the validity of the marriage should be determined by the probate division of the court which already had jurisdiction over the estate and the parties.
The appellee admits that she intends to use the posthumous marriage license obtained in the ex parte general jurisdiction action to establish her entitlement to a spouse’s share in the pending probate proceeding. Roli Woginiak appeals the trial court order denying his motion for relief from the ex parte judgment. Without reaching the merits of Cecilia’s claim that her marriage to Isaac was valid, we reverse.
By filing a petition in the general jurisdiction division of the circuit court to secure an order declaring Cecilia to be Isaac’s surviving spouse, without notice to the Roli, Cecilia and the estate’s co-curator fraudulently attempted to moot the issue in the pending probate proceeding. Because Cecilia’s status as a surviving spouse will reduce the estate assets available to Roli Woginiak and his brothers, Roli is a party with standing, whose interest may have been injured by the order posthumously validating the marriage. Pearlman v. Pearlman, 405 So.2d 764 (Fla. 3d DCA 1981). Relief from an order or judgment is appropriate where, as here, the movant is a victim of fraud or other misconduct by an adverse party. Fla.R.Civ.P. 1.540(b); Lacore v. Giralda Bake Shop, Inc., 407 So.2d 275 (Fla. 3d DCA 1981). See Zoning Bd. of Monroe County v. Hood, 484 So.2d 1331, 1333 n. 4 (Fla. 3d DCA 1986) (strangers to original action may assail judgment by rule 1.540(b) motion based on fraud).
Reversed and remanded with instructions that further proceedings be conducted in the probate action.

. The pertinent portion of Florida Rule of Civil Procedure 1.540(b) provides:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons:
(1) mistake, inadvertence, surprise or excusable neglect; ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party ....