ALTENBERND, Chief Judge.
Amir Chaluts appeals an unusual order that is, in part, an order granting relief from a judgment pursuant to Florida Rule of Civil Procedure 1.540. We have jurisdiction to review only that portion of the *926 order setting aside a judgment entered in a collection proceeding filed by Mr. Cha-luts against Royalty Development Corporation and Jacob Nagar. See Fla. R.App. P. 9.130(a)(5). We affirm that portion of the order, but caution that the content of this nonfinal order does not establish law of the case for purposes of entering any final order in either the collection proceeding or in the consolidated dissolution of marriage proceeding.
Belina G. Nagar is the wife of Jacob Nagar. In October 2000, she initiated dissolution proceedings against him in Collier County. One of the significant marital assets was the husband’s stock in Royalty Development Corporation. Mr. Nagar owned all of the stock in this corporation and controlled its activities. During the divorce proceedings, the circuit court entered orders preventing Mr. Nagar from dissipating or disposing of marital assets. The orders also prevented Mr. Nagar, as president of Royalty Development Corporation, from dissipating the assets of that corporation.
In the summer of 2001, Royalty Development Corporation had an opportunity to sell certain assets. In light of the prior court orders enjoining dissipation of assets, on June 22, 2001, Mr. Nagar filed a motion for approval of the sale of Royalty Development Corporation’s assets. This motion specifically requested that the dissolution court approve not only the sale of assets but also the payment of certain debts of the corporation from the proceeds of the sale. One of these debts was $150,000 that Mr. Nagar allegedly owed on promissory notes to Mr. Chaluts. In July 2001, before the dissolution court addressed Mr. Nagar’s motion, Royalty Development Corporation closed on the sale of assets and placed the proceeds in the registry of the court, apparently as a result of agreement between Mr. and Mrs. Nagar.
Meanwhile, also in July 2001 and without Mrs. Nagar’s knowledge, Amir Chaluts sued both Mr. Nagar and Royalty Development Corporation to collect upon the promissory notes. Mr. Chaluts alleged that Mr. Nagar and the corporation were jointly and severally liable for the notes. Mr. Nagar immediately stipulated to a judgment in the amount of $276,145 against only Royalty Development Corporation. The court accepted the stipulation and entered the judgment on July 16, 2001. As soon as Mrs. Nagar was aware of this judgment, on August 8, 2001, she moved to intervene in the collection action to set aside the judgment. Mrs. Nagar challenged the validity of the promissory notes and alleged that the stipulated judgment was an attempt to defraud the dissolution court and Mrs. Nagar by diverting assets of the corporation, and thus decreasing the value of the corporation.
The collection suit was pending in a different division than the dissolution proceeding. The circuit court judge presiding over the collection case granted Mrs. Na-gar’s motion to intervene. Recognizing that the validity of the promissory notes had been raised in both the collection proceeding and in the dissolution proceeding, the judge transferred the collection action and Mrs. Nagar’s motion to set aside the judgment to Judge Ellis, who was presiding over the dissolution proceeding. In the interim, Mr. Chaluts moved to intervene in the dissolution action.
Following an evidentiary hearing at which all parties to this appeal participated and were represented by counsel, Judge Ellis allowed Mr. Chaluts to intervene in the divorce proceeding, consolidated the divorce action and the collection action, and concluded that the stipulated judg *927 ment should be set aside. She entered a single order on all of these motions.
Mr. Chaluts argues that the trial court erred in setting aside his stipulated judgment. Although the procedure utilized to allow Mrs. Nagar to set aside the judgment is admittedly unusual, in light of all the evidence, we conclude that the trial court had authority to set aside a judgment that it concluded had been entered as a fraud upon the court. See Pearlman v. Pearlman, 405 So.2d 764 (Fla. 3d DCA 1981) (holding wife could seek relief from judgment enforcing oral claim against husband’s estate pursuant to rule 1.540 because her rights were directly and injuriously affected by judgment which was allegedly obtained by fraud); cf. In re Adoption of a Minor Child, 593 So.2d 185 (Fla.1991) (affirming circuit court’s order granting grandparents’ motion to set aside final judgment of adoption based upon misconduct of adverse party, even though grandparents were not parties to adoption proceeding).
Mr. Chaluts also argues that the trial court has made errors in this nonfinal order by determining marital assets at this point in the dissolution proceeding.[1] We have no authority to review the portion of the order that is a nonfinal order regarding the assets of the parties and whether they are marital. See Fla. R.App. P. 9.130(a)(3).
Although we affirm this order, we hasten to add that there was some evidence suggesting that Mr. Chaluts may be legally entitled to some recovery based upon funds allegedly paid to either Mr. Nagar or Royalty Development Corporation. Thus, the findings employed to set aside the stipulated judgment are not a final determination- of the merits of Mr. Chaluts’ collection action. Indeed, Judge Ellis’s order specifically acknowledged: “A ruling on the Motion to Set Aside Stipulated Judgment does not operate as a ruling on the underlying merits of the case, but allows for a complete judicial determination with all interested parties noticed and given an opportunity to be heard.” Likewise, although it may have been procedurally necessary for the trial court to consolidate these cases to resolve interrelated issues, the court may later decide to sever the cases prior to the entry of final judgments.
Affirmed.
WHATLEY and CASANUEVA, JJ., Concur.

. We note that Mr. Nagar and Royalty 'Development Corporation, who may be the more appropriate parties to raise this issue, are appelléés in this proceeding and have chosen not to appear.