PER CURIAM.
The issue in this appeal is whether appellant, a non-party to the original action, has standing under Florida Rule of Civil Procedure 1.540(b) to challenge a final declaratory judgment allegedly procured by “fraud” or “collusion.” We find that the final judgment directly affected appellant’s rights such that he has standing to be heard on the merits of his motion.
Appellant and Daniel McCue respectively owned 40% and 60% of appellee Aerovision, LLC. When McCue sold his interest in Aerovision to appellee M & M Aircraft, Inc., appellant filed an action for declaratory relief against McCue in federal district court, seeking a judgment affirming that appellant was the only member authorized to manage Aerovision. The same day McCue filed his answer, M & M sought *1067 declaratory relief against Aerovision. M & M and Aerovision, through McCue, jointly requested the trial court to issue a declaratory judgment establishing that McCue “is the authorized representative of [Aerovision] for all matters.” The trial court issued a final judgment finding that McCue was Aerovision’s “sole managing member.” Neither appellee informed the trial court of appellant’s asserted interests in Aerovision. The Canadian government, with whom Aerovision contracted, informed appellant that it would rely on the final judgment.
Appellant moved to vacate the final judgment pursuant to Florida Rule of Civil Procedure 1.540(b), alleging it was obtained by fraud. Appellees moved to strike appellant’s motion, arguing that appellant lacked standing to assail the judgment. The parties stipulated at the hearing on the issue of appellant’s standing that appellant owned a 40% interest in Aerovision, that appellant had authority to manage Aerovision, and that the final judgment was fraudulently obtained. The trial court determined that appellant lacked standing, finding that the judgment “does not directly affect [appellant’s] rights,” and that appellant was not “in any way bound by the judgment.” This appeal followed.
“[A] stranger to the action has standing under the rule to move for vacation of the judgment when that judgment was obtained by fraud or collusion and directly affected the rights of that person.” State Airlines, Inc. v. Menut, 511 So.2d 421, 424 (Fla. 4th DCA 1987) (quoting Pearlman v. Pearlman, 405 So.2d 764, 766 (Fla. 3d DCA 1981)).
We find, on the facts of this case, that the allegations in appellant’s motion combined with the facts stipulated by the parties at the hearing were sufficient to establish that the final judgment directly affected appellant’s rights. See generally Chaluts v. Nagar, 862 So.2d 925 (Fla. 2d DCA 2004); Woginiak v. Kleiman, 523 So.2d 1209 (Fla. 3d DCA 1988). Since the parties stipulated to appellant’s ownership interest and managing authority, we conclude that the trial court’s view of the effect of the judgment on appellant’s rights was too narrow. However, on remand, appellees may introduce evidence which tends to prove that appellant no longer owns an interest in Aerovision.[1]

Reversed and remanded for proceedings consistent with this opinion.

STEVENSON, HAZOURI and LEVINE, JJ., concur.

. For example, appellant settled the federal action against McCue prior to moving to vacate the final judgment. Appellant reserved a 40% ownership interest in the Canadian government contract but did not explicitly reserve any ownership interest in Aerovision. Thus, while we find that appellant has standing to attack the judgment by motion based on the parties’ stipulations, we note that the disposition of the federal action may have rendered appellant's interests not directly affected by the final judgment. We therefore direct the trial court on remand to consider the effect of the settlement agreements on whether the final judgment should ultimately be vacated.