NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

YHT & ASSOCIATES, INC.,

      Appellant,

v.

NATIONSTAR MORTGAGE LLC,
NANCY L. ELIA, SUNTRUST BANK,
and GROVES GOLF & COUNTRY
CLUB MASTER ASSOCIATION, INC.

      Appellees.

Case No. 2D15-1394

Opinion filed September 30, 2015.

Appeal from the Circuit Court for
Pasco County; Wayne L. Cobb, Senior
Judge.

Heather A. DeGrave of Walters, Levine,
Klingensmith & Thomison, P.A., Tampa,
for Appellant.

Nancy M. Wallace, Ryan D. O'Connor,
and William P. Heller of Akerman LLP,
Tallahassee, for Appellee Nationstar
Mortgage.

No appearance for remaining Appellees.

ALTENBERND, Judge.

We previously dismissed this appeal with an unpublished order. YHT & Associates, Inc. (YHT), moved for rehearing of that order. We grant rehearing to publish this order, but the order remains an order of dismissal. This case involves the increasingly common situation in which title to property is transferred while the property is the subject of a foreclosure proceeding and a lis pendens. Because the trial court denied YHT's motion to intervene and YHT did not appeal that order, it has no standing to appeal the final judgment of foreclosure even though its name was erroneously placed in the style of the uniform final judgment of foreclosure.

On August 4, 2010, Aurora Loan Services LLC filed a foreclosure complaint against Nancy L. Elia, as the individual owner of a residential property in Pasco County. The complaint identified other parties as defendants, but it did not name YHT as a party. A lis pendens was filed at the same time. In 2013, Nationstar Mortgage LLC was substituted for Aurora Loan Services LLC as the plaintiff.

In June 2013, YHT filed a motion seeking in the alternative to substitute as a real party in interest pursuant to Florida Rule of Civil Procedure 1.210 or to intervene pursuant to rule 1.230. The motion alleged that Ms. Elia had sold the property to YHT. Although not important to our disposition, it appears that she actually sold the property to Florida Limited Investments Properties, Inc., which in turn had quitclaimed the property in April 2012 to YHT, as trustee of a land trust. The motion does not allege that YHT has been substituted as the obligor on the promissory note or as the mortgagor on the mortgage. In September 2014, the trial court denied this motion.

- 2 -

Interestingly, it did so using a form that allowed it to circle either "granted" or "denied." No matter which word the trial judge circled, the order provided that YHT would be served with future pleadings and orders.

Although the order denying intervention was a final order that could have been appealed, YHT did not appeal that order. See, e.g., Adoption Miracles, LLC v. S.C.W., 912 So. 2d 368, 370 (Fla. 2d DCA 2005) (concluding that an order denying a motion to intervene was a final order subject to appeal). At the beginning of the foreclosure trial on February 15, 2015, YHT's attorney attempted to participate, but Nationstar objected because YHT was not a party. The court refused to allow YHT to participate. Given that the trial was a proceeding open to the public, the trial court properly stated: "You're certainly welcome to stay, but just not participate."

After a brief hearing in which Nationstar announced that the several defendants had defaulted or been dropped, the court entered a uniform final judgment of foreclosure. The caption of the judgment listed as defendants Ms. Elia, the other proper defendants, and YHT. Only YHT appealed the foreclosure judgment.

Nationstar filed a motion to dismiss this appeal. As explained earlier, we granted that motion. Now, after a motion for rehearing and several rounds of responses from the parties, we continue to conclude that this appeal must be dismissed because YHT is not a party and lacks standing to appeal the judgment.[1]

---

[1]This court recently held that an owner who obtained title during the foreclosure proceeding and was denied intervention could appeal the denial of intervention, but in so doing it could not challenge the merits of the final judgment. See Market Tampa Invests., LLC v. Stobaugh, 40 Fla. L. Weekly D2047 (Fla. 2d DCA Sept. 2, 2015).

"The general rule is that a non-party is a 'stranger to the record' who cannot 'transfer jurisdiction to the appellate court.' " Barnett v. Barnett, 705 So. 2d 63, 64 (Fla. 4th DCA 1997) (quoting Forcum v. Symmes, 133 So. 88, 89 (Fla. 1931)). Here, although YHT had the opportunity to challenge the trial court's denial of its motion to intervene, YHT failed to do so, leaving it as a nonparty to the proceedings below and thus without standing to appeal to this court. See Watson v. Claughton, 34 So. 2d 243, 244-46 (Fla. 1948) (ruling that the petitioner, by not seeking appellate review of an order denying his motion to intervene, had "acquiesced in such ruling," thus precluding him from challenging in the supreme court the trial court's order striking his subsequent filings). That the order denying intervention directed service of subsequent papers on YHT and that the foreclosure judgment listed YHT as a defendant do not support a different result. Cf. Buchanan v. City of Winter Park, 226 So. 2d 860, 863 (Fla. 4th DCA 1969) ("The proper parties . . . in [the] proceeding were established by law and not by the caption or style of the order.").

YHT cites several cases, arguing that they support its standing to appeal. We disagree. In two of the cases, the posture was similar to the posture here: the appellant was the current owner of the original property but not the original borrower subject to the foreclosure lawsuit. However, the opinion in Clay County Land Trust No. 08-04-25-0078-014-27, Orange Park Trust Services, LLC v. JPMorgan Chase Bank, National Ass'n, 152 So. 3d 83 (Fla. 1st DCA 2014), gives no indication of any dispute as to the appellant's status as a party in the trial court. In Portfolio Investments Corp. v. Deutsche Bank National Trust Co., 81 So. 3d 534, 536 (Fla. 3d DCA 2012), the court acknowledged the principle that a nonparty in the trial court is a "stranger to the record"

- 4 -

but also ruled that the "unique circumstances" of that case gave the appellant standing to appeal. The "unique circumstances" were the appellant's active participation in the trial court proceedings without objection by the plaintiff/appellee bank and with the acquiescence of the lower court, even though the appellant had never sought to intervene. Id. These unique circumstances did not occur in the case before us.

We conclude that the remainder of the cases cited by YHT are not sufficiently analogous to this case to support YHT's standing to appeal. See Smith v. Chepolis, 896 So. 2d 934, 935-36 (Fla. 1st DCA 2005) (accepting an appeal from a nonparty in the lower tribunal because the judge of compensation claims had held the nonparty individually liable without affording him notice); Metro. Cas. Ins. Co. v. Tepper, 969 So. 2d 403, 405 (Fla. 5th DCA 2007) (ruling that a party-defendant had a sufficient stake in the controversy to appeal the trial court's order dismissing a codefendant from the litigation); Enter. Leasing Co. v. DeMartino, 15 So. 3d 711, 714 (Fla. 2d DCA 2009) (reiterating this court's earlier holding that the intended third-party beneficiary of an insurance release has standing to enforce the release); 601 W. 26 Corp. v. Equity Capital Co., 174 So. 2d 626, 627 (Fla. 3d DCA 1965) (ruling that the failure of the defendants to attend the foreclosure sale did not affect their ability to appeal).

Appeal dismissed.


VILLANTI, C.J., and BLACK, J., Concur.