WALLIS, J.
Gotham Insurance Company (“Appellant”) appeals the denial of its motion to vacate an amended default final judgment. Although Appellant was not a party to the action below, Lake Buena Vista Vacation Resort, L.C. (“LBV”), brought a cross-claim against Appellant’s insured, Coastal Title Insurance, Co. (“Coastal”).[1] Eighteen months after the trial court entered a default final judgment on LBV’s cros’s-claim, the trial court granted LBV’s motion to amend the default judgment, thereby creating a dispute concerning Appellant’s coverage. We conclude that Appellant had standing to move to vacate the amended default final judgmént under Florida Rule of Civil Procedure 1.540(b) because the amended default final judgment would adversely affect Appellant’s rights. We vacate the amended default, finding that the trial court lacked jurisdiction to substantively amend the default final judgment.
Attorney Ira Hatch, Jr., and his wife, Marjorie Hatch, served as officers and directors of Coastal. While serving in those capacities, the Hatches misappropriated deposits from multiple prospective condominium purchasers, including Andrew and Susan Matthew.[2] The Matthews filed a complaint for breach of contract, civil conspiracy, and unjust enrichment against: the developer, LBV; LBV’s escrow agent, Coastal; and the Hatches. LBV filed a cross-claim, alleging Coastal and Mr. Hatch “intentionally and fraudulently defalcated, converted, and/or misappropriated” various deposits. ' Appellant denied coverage for this claim and declined to defend because Coastal’s policy excluded coverage for intentional misappropriation *440 of funds. Importantly, LBV’s cross-elaim did not allege that Coastal negligently supervised Mr. Hatch, • Rather, the cross-claim alleged that Mr. Hatch “provided those legal services fully within his scope of authority as an- employee, principal, and/or agent, of [Mr. Hatch’s law firm],” •Although the Hatches entered appearances for - themselves individually,, Coastal did not serve or file any paper in the action. In September 2011, LBV successfully obtained a default final judgment on its cross-claim . against Coastal .for $15,643,145.13 in damages and $5,158,467.67 in pre-judgment interest. The default final judgment did not include any findings of fact concerning negligence against Coastal.
In April 2013 — 18 months after the entry Of the default final judgment — LBV moved to amend the default final judgment pursuant to Florida Rule of Civil Procedure 1.540, arguing that, because LBV now owned all of Coastal’s assets and property, - it was- entitled to an amended judgment as a matter of law. LBV urged the trial court to amend the default.final judgment because it did not. incorporate matters from the cross-claim and, as such, “it is not equitable for such a Final Judgment in this case not to include the additional matters that are-those facts that actually occurred in this matter.”[3] LBV proposed an amended default final judgment, containing new findings-,of fact that were not. made in the original default judgment, which the trial court adopted verbatim. Furthermore, the amended, default final judgment deviated from the allegations in LBV’s cross-claim by finding, inter alia, that Coastal negligently supervised Mr. Hatch while he acted in his capacity as an officer and director of Coastal.
Appellant timely moved to vacate the amended default final judgment, arguing that: (1) it had standing .under Florida Rule of Civil Procedure 1.540(b); (2) LBV untimely moved to amend the default fínal judgment; and (3) LBV procured the amended default final judgment through intrinsic fraud, misrepresentations, and other misconduct. Appellant also argued that it had an interest in the judgment and the judgment’s enforcement would adversely affect its rights. The trial court denied Appellant’s motion to.vacate the amended default final judgment, finding that Appellant insufficiently demonstrated fraud, misrepresentation, or other misconduct. .
I. Standing
LBV first argues that Appellant, as a nonparty to the case, lacked standing to move to vacate the amended judgment under rule 1.540(b). LBV suggests rule 1.540 provides relief only to a party or the party’s legal representative. We review de novo whether a party has standing. Centerstate Bank Cent. Fla., N.A. v. Krause, 87 So.3d 25, 28 (Fla. 5th DCA 2012) (citing Putnam Cty. Envtl. Council, Inc. v. Bd. of Cty. Comm’rs of Putnam Cty., 757 So.2d 590, 594 (Fla. 5th DCA 2000)).
Appellant correctly relies on Pearlman v. Pearlman, 405 So.2d 764, 766 (Fla. 8d DCA 1981), which held that “an unnamed party whose rights were directly and injuriously affected by a judgment fraudulently obtained may seek relief from that judgment either by motion or by independent collateral attack.” In Pearlman, the Third District Court held that a non-party had standing to attack the judgment *441 by motion under rule 1.540(b)(3), the same rule at issue in the instant case. Id. at 767. Similarly, in Davis v. M & M Aircraft Acquisitions, Inc., 76 So.3d 1066, 1067 (Fla. 4th DCA 2011), the Fourth District Court held that a nonparty to the original action had. standing under rule 1.540(b) for the merits of the motion to be heard. We choose to follow this case precedent and hold that rule 1.540(b) confers standing on a nonparty whose motion alleges proper allegations of “fraud” or “collusion” and the judgment’s effect on the movant’s rights.
Appellant’s motion to vacate the amended default final judgment alleged both fraudulent activity and that the amended judgment directly affected its rights. Appellant specifically alleged that LBV misled the trial court by misrepresenting that the cross-claim contained allegations of negligence that should be added to the default final judgment. Appellant argued that LBV sued Coastal only for breach of contract; not for negligently supervising Mr. Hatch, ' Appellant also argued that adding findings regarding negligent supervision in the amended default final judgment directly affected its rights because those findings could have a preclu-sive effect on later' proceedings that bind Appellant. We find that, based upon the allegations in its motion, Appellant had nonparty standing to move to vacate the amended default final judgment.
IL Jurisdiction
We next turn -to the trial court’s jurisdiction to enter the amended default final judgment. “[T]he defense of subject-matter jurisdiction can be raised at any time.” Cunningham v. Standard Guar. Ins. Co., 680 So.2d 179, 181 (Fla.1994) (citing Fla. R. Civ. P. 1.140(h)(2)); see also Dep’t of Revenue v. Daystar Farms, Inc., 803 So,2d. 892, 895 (Fla. 5th DCA 2002) (“[I]t is well settled.that lack of subject matter jurisdiction may be raised sua sponte by an appellate court even if neither party raises issue.” (quoting Ruffin v. Kingswood E. Condo. Ass’n, Inc., 719 So.2d 951, 952 (Fla. 4th DCA 1998))).
“[T]he one exception to the rule of absolute finality is rule 1.540, ‘which gives the court jurisdiction to relieve a party from the act of finality in a harrow range of circumstances.’ ” Bane v. Bane, 775 So.2d 938, 941 (Fla.2000) (quoting Miller v. Fortune Ins. Co., 484 So.2d 1221, 1223 (Fla.1986)); see also Bank One, N.A. v. Batronie, 884 So.2d 346, 348 (Fla. 2d DCA 2004) (citations omitted) (“After the rendition of final judgment,.the trial court loses jurisdiction ,over the case ... except as,provided by rule 1.640.”). Here, because 18 months elapsed since the entry of the default final judgment, LBV was limited to an amendment under rules 1.540(a), (b)(4), and (b)(5).[4]
LBV defends the amendment to the default final judgment by arguing that the -changes were merely clerical. Rule 1.540(a) permits the trial court-to correct clerical -mistakes.[5] “The ‘clerical mistakes’ referred- to by rule- 1.540(a) are only ‘errors or mistakes arising from accidental *442 slip or omission, and not errors or mistakes in the [s]ubstance of what is decided by the judgment or order.”’ Byers v. Callahan, 848 So.2d 1180, 1184 (Fla. 2d DCA 2003) (quoting Town of Hialeah Gardens v. Hendry, 376 So.2d 1162, 1164 (Fla.1979)); see also McKibbin v. Fujarek, 385 So.2d 724, 725 (Fla. 4th DCA 1980) (holding that by amending the voluntary dismissal to include “with prejudice,” the trial court substantively changed the effect of the dismissal, which it could not do under rule 1.540(a)).
LBV added over a page of substantive findings to the default final judgment, including findings outside the allegations contained in its cross-claim that should have required the introduction of evidence. These additions did not constitute a clerical change and, therefore, fall outside the purview of rule 1.540(a). See Frisard v. Frisard, 497 So.2d 885, 887 (Fla. 4th DCA 1986) (“[T]he entry of a written judgment by a trial court containing a provision .materially different from that which the court announced at trial was a substantive error, not a ‘clerical’ mistake correctable under Rule 1.540(a).” (citing Wilder v. Wilder, 251 So.2d 311, 313-14 (Fla. 4th DCA 1971))). "
LBV also sought to amend the default final judgment under rule 1.540(b)(5). Rule 1.540(b)(5) permits the trial court- to relieve a party from a final judgment when “it is no longer equitable that the judgment or decree should have prospective application.”[6] The rule contains no time limitation for a motion seeking relief under this section. A motion for relief under rule 1.540(b)(5) “must allege new circumstances affecting the decision made by the trial judge.” In re Guardianship of Schiavo, 792 So.2d 551, 561 (Fla. 2d DCA 2001); see also Miami-Dade Cty. v. Second Sunrise Inv. Corp., 56 So.3d 82, 86 (Fla. 3d DCA 2011) (explaining that rule 1.540(b)(5) provides relief for circumstances arising only after entry of final judgment). “The provision, which was modeled after Federal Rule of Civil Procedure 60(b)(5), ... does not allow a party to retry a case merely because the judgment provides equitable relief and the party has found additional evidence.” Dep’t of Revenue ex rel. Stephens v. Boswell, 915 So.2d 717, 721 (Fla. 5th DCA 2005) (citations omitted). “Instead, ‘the rule requires the movant tó establish' that significant new evidence or substantial changes in circumstances arising after the entry of the judgment make it no longer equitable for the trial court to enforce its earlier order.’” Id. (quoting In re Guardianship of Schiavo, 792 So.2d at 559-60). In the interest of preserving the finality of judgments, courts have narrowly construed this rule. See id.
LBV did not allege, after the entry of the default final judgment, an occurrence or event that would justify the amended default final judgment under rule 1.540(b)(5). Therefore, we conclude that the default final judgment “passed into the unassailable realm of finality.” Holm v. Demetree, 681 So.2d 868, 868-69 (Fla. 5th DCA 1996). Because the trial court amended the judgment to include substantive changes in the-findings when it lacked subject matter jurisdiction to do so, we *443 vacate the amended default final judgment.
VACATED.
SAWAYA and BERGER, JJ., concur.

. Of the many Appellees involved in this appeal, only LBV participates.

. Mr. Hatch pleaded no contest to racketeer- . ing in connection with the thefts from Coastal’s escrow accounts and is currently serving a 30-year prison sentence.

. LBV's attempt to amend' the default final judgment stemmed from an unsuccessful coverage action against Appellant in federal court, which determined the claims against Appellant were procedurally barred by the original default final judgment in this case.

. Appellant suggests that amendments cannot be made under rule 1.540(b). We disagree, See Juno Ocean Walk Condo. Ass'n v. N. Cty, Co., 157 So.3d 1077, 1080 (Fla. 4th DCA 2015) (stating that although rule 1.540(b) uses the term "vacated,” the rule also applies to amending the judgment),

, Rule 1.540(a) provides, in pertinent part:
(a) Clerical .Mistakes. Clerical mistakes in judgments, decrees, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any parly and after such notice, if any', as the court orders.

. Rule 1.540(b) provides:
On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, decree, order, or proceeding for the following reasons: ... (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application..