Ludvick **IBANEZ**, Appellant,

v.

**21ST MORTGAGE CORPORATION,**
Appellee.

No. 4D16–899

District Court of Appeal of Florida,
Fourth District.

[January 4, 2017]

Luis D. Carreja of Carreja Law Group, P.A., Miami, for appellant.

No brief filed for appellee.

FORST, J.

Appellant Ludvick Ibanez ("Homeowner") appeals the trial court's Final Summary Judgment granting Mortgage Guaranty Insurance Corporation ("MGIC") $151,393.95. Homeowner's principal argument on appeal is that the lower court erred in granting the damages award to a non-party in the case. We agree, and reverse the trial court's decision.

## Background

This case deals with mortgage insurance. Homeowner defaulted on his mortgage, a foreclosure complaint was filed, and the trial court entered final judgment of foreclosure in favor of 21st Mortgage Corporation ("21st"), finding that Homeowner defaulted on payments due under the note and mortgage, and owed $684,390.21 to 21st. Following entry of judgment, 21st sold the property in question at a foreclosure sale for $284,000 and followed this by filing an action seeking a deficiency judgment of $400,390.21 against Homeowner. In the meantime, 21st had purchased a mortgage guaranty policy from MGIC to cover any financial loss it might incur should Homeowner fail to pay back the full amount due under the note and mortgage.

Pursuant to the mortgage insurance agreement, MGIC paid $151,393.95 to 21st. MGIC subsequently filed a motion for final summary judgment of deficiency in the trial court handling 21st's deficiency judgment action against Homeowner. In its motion, MGIC deemed itself both the "suc-cessor in interest to the subrogated deficiency rights of the Plaintiff" in the deficiency action, as well as "Plaintiff." MGIC sought $151,393.95 from Homeowner. There is no evidence in the record, however, that MGIC was a party in this action or had sought court approval to intervene.

Homeowner filed a response to MGIC's motion for final summary judgment, arguing MGIC did not have standing to seek any amount because it was not a party in the case. Further, Homeowner argued that in order to seek subrogation, MGIC needed to bring an entirely new action against Homeowner. At the hearing regarding MGIC's motion, Homeowner expressly renewed these same arguments. However, the trial court granted MGIC's motion for final summary judgment, thus precipitating this appeal.

## Analysis

We review de novo whether a non-party had standing to move for final summary judgment. *Gotham Ins. Co. v. Matthew*, 179 So.3d 437, 440 (Fla. 5th DCA 2015).

We hold that the lower court erred in its Final Summary Judgment by adjudicating the rights of MGIC, a non-party in the suit. MGIC should have brought a separate action against Homeowner in order to recover the $151,393.95.[1]

"It is fundamental error to enter judgment in favor of a nonparty." *Beaumont v. Bank of N.Y. Mellon*, 81 So.3d 553, 554 (Fla. 5th DCA 2012). In *Rustom v. Sparling*, we upheld the same principle, reversing and remanding "that portion of the final judgment entered by the trial court, which finds certain notes and the mortgage prepared by the husband in favor of his father, a non-party, to be invalid. The trial court may not adjudicate the

---

1. We offer no opinion on the merits of any such suit.

rights of a non-party." 685 So.2d 90, 90 (Fla. 4th DCA 1997).

MGIC never joined the suit below in any fashion. Thus, the trial court had no jurisdiction to entertain MGIC's motion for final summary judgment. Though it is true that in the motion MGIC claimed it was 21st's "successor in interest to the subrogated deficiency rights of the Plaintiff," the trial court never actually determined if this was the case. MGIC erroneously called itself the "Plaintiff" in its motion, when in reality, the plaintiff was 21st. We liken this case to *Philippou v. J.P. Morgan Mortgage Acquisition Corp.*, 113 So.3d 975, 975 (Fla. 2d DCA 2013), where the Second District Court of Appeal reversed and remanded the trial court's final summary judgment entered in favor of a non-party to the suit.

### Conclusion

Because the trial court erroneously granted an award to MGIC, a nonparty in the case, we reverse the trial court's Final Summary Judgment.

*Reversed.*

WARNER and GROSS, JJ., concur.