# Third District Court of Appeal

## State of Florida

Opinion filed July 19, 2017.

Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-58
Lower Tribunal No. 09-86386
_____

## Thomas Carlisle,
Appellant,

vs.

## U.S. Bank, National Association, as Trustee for the Benefit of Harborview 2005-10 Trust Fund,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jacqueline Hogan Scola, Judge.

Jacobs Keeley, PLLC, and Bruce Jacobs, Court E. Keeley, Amid U. Frey, and Anna C. Morales, for appellant.

Akerman LLP, and Nancy M. Wallace (Tallahassee); Akerman LLP, and William P. Heller (Fort Lauderdale); Akerman, LLP, and Eric M. Levine (West Palm Beach), for appellee.

Before SUAREZ, LAGOA, and LUCK, JJ.

LAGOA, J.

ON MOTION TO DISMISS

Thomas Carlisle ("Carlisle") appeals from the denial of his motion to vacate final judgment filed pursuant to Florida Rule of Civil Procedure 1.540(b). U.S. Bank, N.A. ("U.S. Bank") moves to dismiss the appeal for lack of standing. We grant the motion and dismiss the appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

U.S. Bank commenced an action to foreclose on property located in Miami-Dade County. Carlisle purchased the property from the original mortgagor sometime after the lis pendens was filed. Carlisle was not named as a party in the foreclosure action. Carlisle sought leave to intervene, and his motion to intervene was initially granted. Prior to trial commencing, however, the trial court *sua sponte* orally vacated the order granting leave to intervene and denied the motion. Following the trial's conclusion, final judgment of foreclosure was entered in favor of U.S. Bank. Carlisle filed a motion to vacate the final judgment pursuant to Florida Rule of Civil Procedure 1.540(b). The trial court denied the motion, and this appeal ensued.

## II. ANALYSIS

Only "a party or a party's legal representative" may seek relief from a final judgment pursuant to Rule 1.540(b). SR Acquisitions-Fla. City, LLC v. San Remo Homes at Fla. City, LLC, 78 So. 3d 636, 638 (Fla. 3d DCA 2011). In order for a non-party to bring a 1.540(b) motion, generally the non-party must first intervene

and thereby become a party to the suit. In response to U.S. Bank's motion to dismiss, Carlisle argues that pursuant to this Court's opinion in <u>Pearlman v. Pearlman</u>, 405 So. 2d 764 (Fla. 3d DCA 1981), he should be found to have standing to set aside the final judgment under Rule 1.540(b). While this Court has in the past recognized a limited exception in <u>Pearlman</u> that permits a non-party to seek relief under Rule 1.540(b), we do not find that limited exception applicable here.

Before this Court addresses the <u>Pearlman</u> exception, we note that Carlisle purchased the mortgaged property *after* the lis pendens was filed in this action. As such, Carlisle was not named or made a party in the complaint below. Second, while Carlisle sought leave to intervene and his motion was initially granted, that order was later vacated. As this Court has repeatedly stated, "a trial court has inherent authority to reconsider and modify its interlocutory orders," <u>AC Holdings 2006, Inc. v. McCarty</u>, 985 So. 2d 1123, 1125 (Fla. 3d DCA 2008), and, as "an order granting intervention is necessarily interlocutory," <u>Superior Fence & Rail of N. Fla. v. Lucas</u>, 35 So. 3d 104, 105 n. 1 (Fla. 5th DCA 2010) (citing <u>In re J.P.</u>, 12 So. 3d 253, 254 (Fla. 2d DCA 2009)), the trial court had the inherent authority to reconsider and modify its order granting leave to intervene. [1]

─────────────────

[1] Because Carlisle failed to timely appeal the denial of his motion to intervene, we do not reach the merits of whether such denial was proper, although we remind the parties of the general rule that "when property is purchased during a pending foreclosure action in which a lis pendens has been filed, the purchaser generally is

We now address whether Carlisle meets the limited exception set forth in Pearlman that permits a non-party to seek relief under Rule 1.540(b). In Pearlman, this Court held that an "unnamed party whose rights were directly and injuriously affected by a judgment fraudulently obtained may seek relief from that judgment either by motion or by independent collateral attack." 405 So. 2d at 766. This "Pearlman standing," which has been repeatedly recognized throughout the state, is a narrow exception that permits a non-party to use Rule 1.540 to seek relief from a judgment.

In Pearlman, the personal representative of the decedent's estate had allegedly colluded to obtain a judgment for a creditor against the estate he represented in order to deprive the decedent's wife of her share of the estate. 405 So. 2d at 765. Upon discovering this, the wife moved for relief from the creditor's judgment against the estate on the ground that the judgment had been fraudulently obtained. Id. This Court found that the wife, who had a "right to a lawful share of her husband's estate" and was "a known heir and devisee under the will" had "standing under Florida Rule of Civil Procedure 1.540(b) to move that the court set aside the judgment." Id. at 767.

The distinction between Pearlman (and its progeny) and the instant case is significant. The wife in Pearlman (and the non-parties in other Pearlman progeny[2])

---

not entitled to intervene in the pending foreclosure action." Bymel v. Bank of Am., N.A., 159 So. 3d 345, 347 (Fla. 3d DCA 2015).

4

had rights which predated the litigation, which rights were directly affected by the judgment that had been fraudulently obtained, and which arguably may have qualified the wife (and the non-parties in other <u>Pearlman</u> progeny) to intervene pursuant to Florida Rule of Civil Procedure 1.230.

In contrast, as a purchaser post-lis pendens, Carlisle had no rights in the property at the time the litigation commenced, and he purchased the property subject to and bound by any judgment rendered in the foreclosure action. <u>See</u> § 48.23(1)(d), Fla. Stat. (2016). Moreover, Carlisle was subject to the general rule

---

[2] <u>E.g.</u>, <u>Gotham Ins. Co. v. Matthew</u>, 179 So. 3d 437, 441 (Fla. 5th DCA 2015) (holding that non-party insurer had standing to move to vacate judgment as the insurer's rights were directly affected by fraudulently amended judgment which could have a preclusive effect on insurer in later proceedings); <u>Davis v. M & M Aircraft Acquisitions, Inc.</u>, 76 So. 3d 1066, 1066 (Fla. 4th DCA 2011) (finding that non-party minority shareholder had standing to vacate final judgment fraudulently obtained by parties and which directly affected minority shareholder's rights); <u>Chaluts v. Nagar</u>, 862 So. 2d 925, 927 (Fla. 2d DCA 2004) (upon learning that judgment in separate collection action dissipated marital asset, wife intervened in collection action, and collection action was consolidated with divorce proceeding; holding that trial court in divorce proceeding had authority to set aside judgment agreed to by husband in separate collection action as trial court concluded that the judgment had been entered as a fraud upon the court; upon learning that judgment in separate collection action dissipated marital asset, wife intervened in collection action, and collection action was consolidated with divorce proceeding and transferred to trial court presiding over dissolution); <u>Woginiak v. Kleiman</u>, 523 So. 2d 1209, 1210 (Fla. 3d DCA 1988) (holding that son had standing to seek to vacate order fraudulently obtained to establish posthumous marriage license in separate action as son had interest in father's estate and marriage was disputed in separate, probate proceeding). <u>But see</u> <u>State Airlines, Inc. Through Struve v. Menut</u>, 511 So. 2d 421, 424 (Fla. 4th DCA 1987) (finding that bankruptcy trustee did not have standing to set aside judgment allegedly procured by fraud as bankruptcy estate and creditors would not be affected by judgment.

that such purchasers are "not entitled to intervene in the pending foreclosure action," Bymel, 159 So. 3d at 347.

We therefore reject Carlisle's argument, as it would require this Court to hold, on the one hand, that purchasers post-lis pendens are generally not entitled to intervene in a pending foreclosure action but hold, on the other hand, that purchasers post-lis pendens have "rights . . . directly and injuriously affected by a judgment" giving them Pearlman standing to contest the judgment through a 1.540 motion. Cf. Whitburn, LLC v. Wells Fargo Bank, N.A., 190 So. 3d 1087, 1091–92 (Fla. 2d DCA 2015), reh'g denied (Apr. 29, 2016), review denied, SC16-945, 2016 WL 6998444 (Fla. Nov. 30, 2016) ("[A third-party purchaser's] interest in this foreclosure proceeding is not a legally cognizable interest because even though it *now* holds legal title to the property, it purchased the property subject to [the bank's] foreclosure proceeding and superior interest in the property." (emphasis added)).

Instead, we find the instant case akin to YHT & Associates, Inc. v. Nationstar Mortgage LLC, 177 So. 3d 641 (Fla. 2d DCA 2015). In that case, the Second District Court of Appeal, dealt with "the increasingly common situation in which title to property is transferred while the property is the subject of a foreclosure proceeding and a lis pendens." Id. at 642. The trial court denied intervention to a purchaser and refused to allow the purchaser to participate at trial.

Id. at 643. When the purchaser attempted to appeal the final judgment, the Second District Court of Appeal dismissed the appeal for lack of standing, faulting the purchaser for not timely appealing the earlier order denying intervention. Id. at 642-43. While there are some distinctions between YHT and the instant case, those distinctions (if significant at all) only strengthen the argument that purchasers post-lis pendens lack Pearlman standing. We see no reason to expand Pearlman's application to permit a purchaser post-lis pendens to contest a judgment under Rule 1.540.

## III. CONCLUSION

While this Court has recognized a limited exception in Pearlman regarding non-party standing, the general rule remains, and best practice requires, that a non-party must seek and be granted leave to intervene before it will have standing to pursue relief under a Rule 1.540(b). For a non-party who does not fall within Pearlman's exception, when leave to intervene is denied and that decision is not timely appealed, the non-party lacks standing to later file a 1.540(b) motion with the trial court. Because Carlisle did not timely appeal the order denying his motion to intervene and does not fall within Pearlman's limited exception, we find that Carlisle lacks standing to appeal the trial court's denial of his 1.540(b) motion, and dismiss the appeal.

Dismissed.