DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MACANA INVESTMENTS, LLC,**
Appellant,

v.

**LONGRIDGE FINANCIAL LLC,** and
**GARFIELD AT CENTURY VILLAGE ASSOCIATION,**
Appellees.

No. 4D2024-0836

[July 23, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia-Wood, Judge; L.T. Case No. CACE-21-021470.

Kenzie N. Sadlak of Kenzie N. Sadlak, P.A., Miami, for appellant.

David Rosenberg of Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Boca Raton, for appellee Longridge Financial LLC.

WARNER, J.

Macana Investments, LLC, appeals the trial court's denial of its objection to the foreclosure sale, as well as the denial of its motion for rehearing of that order. Appellant claims that no sale should have been conducted when its motion for rehearing of the foreclosure judgment was pending. However, appellant was an intervenor to the foreclosure sale, having acquired its title after the filing of the lis pendens. Because the trial court allowed appellant to intervene solely to exercise any post-judgment right of redemption, appellant's objection based on the pendency of its motion for rehearing of the final judgment was properly denied, as that motion for rehearing was a legal nullity. The trial court likewise appropriately denied the motion for rehearing of the order denying appellant's objection. We affirm.

Appellee Longridge Financial LLL's predecessor filed a foreclosure complaint upon the property at issue in this case and a notice of lis pendens. Later, appellee was substituted as the named plaintiff. About a year and a half after the foreclosure complaint was filed, appellant

purchased the property and obtained title through a foreclosure sale when a junior lienholder foreclosed on the property. Two days prior to the scheduled trial of the foreclosure in this case, appellant moved to intervene "so it may exercise its right of redemption and clear title to said property."[1] Appellee objected, as appellant had acquired its title after the notice of lis pendens was recorded. On the day of trial, the trial court entered an order granting appellant's intervention motion and deeming appellant "to be a party Defendant in this matter for the limited purpose of exercising its right of redemption."

After the trial, the court entered a final judgment of foreclosure. Appellant filed a motion for rehearing in which it objected to the court's order limiting its intervention, arguing that the court had erred in not allowing intervention for all purposes. Appellant's rehearing motion sought all-purpose party status to contest appellee's standing to bring the foreclosure action, object to the trial because the pleadings were not closed, and object to evidence presented at trial. Appellee responded, noting that appellant was not entitled to intervene for all purposes after the filing of the lis pendens, and appellant's intervention motion sought only the right of redemption. The appellee noted that appellant had actually agreed to the order limiting intervention.

Appellant did not exercise its right of redemption. The Clerk sold the property pursuant to the final judgment. Several days later, the trial court denied the motion for rehearing of the foreclosure judgment. The next day, Appellant filed an objection to the sale, contending that the sale should not have occurred while the motion for rehearing of the judgment was pending. The trial court denied the objection. Appellant then filed a motion for rehearing, reconsideration, or vacation of the order on the objection, which the trial court also denied. Appellant filed a notice of appeal as to the order denying appellant's objection to the sale and the order denying rehearing of the objection.

On appeal, appellant argues that the trial court erred in denying its objection to the foreclosure sale because appellant's timely motion for rehearing of the foreclosure judgment remained pending. When a *party* to a foreclosure judgment moves for rehearing, a foreclosure sale cannot be held, because the pendency of the motion prevents the judgment from being final. *See, e.g., Francois v. Library Square Ass'n, Inc.,* 250 So. 3d

---

[1] We note that the appellant did not have to obtain court approval to exercise a right of redemption, as that right is available to "the mortgagor or the holder of any subordinate interest." § 45.0315, Fla. Stat. (2024). *See also Popescu v. Laguna Master Ass'n, Inc.,* 184 So. 3d 1196, 1200 (Fla. 4th DCA 2016).

728, 729 (Fla. 4th DCA 2018) (holding foreclosure sale must be set aside where it was conducted while timely motion for rehearing directed at foreclosure judgment was pending); *Prieto v. Fed. Nat'l Mortg. Ass'n*, 201 So. 3d 659, 660 (Fla. 3d DCA 2016) (foreclosure sale must be set aside where property was sold to lender while borrowers' timely rehearing motion remained pending). However, here, appellant was not a party to the final judgment based upon the limited intervention which it had sought and which the trial court had granted.[2]

As a purchaser post-lis pendens, appellant had no rights in the property when the foreclosure litigation commenced, and appellant purchased the property subject to, and bound by, any judgment rendered in the foreclosure action. This included the right to intervene in the proceedings. *See 3709 N. Flagler Drive Prodigy Land Tr. v. Bank of Am., N.A.*, 226 So. 3d 1040, 1042 (Fla. 4th DCA 2017) ("[T]he acquisition of title to property after the filing of a foreclosure complaint and notice of lis pendens does not confer on the title holder standing to intervene in the foreclosure proceeding, because the title holder's interest is clearly inferior, as a matter of law, to the interest of the foreclosing party."); *Carlisle v. U.S. Bank, Nat'l Ass'n for Harborview 2005-10 Tr. Fund*, 225 So. 3d 893, 895 (Fla. 3d DCA 2017); § 48.23(1)(d), Fla. Stat. (2023). As explained in *Carlisle*:

> [A]s a purchaser post-lis pendens, Carlisle had no rights in the property at the time the litigation commenced, and he purchased the property **subject to and bound by any judgment rendered in the foreclosure action.** *See* § 48.23(1)(d), Fla. Stat. (2016). Moreover, Carlisle was subject to the general rule that such purchasers are "not entitled to

---

[2] Florida Rule of Civil Procedure 1.230, governing intervention, provides that "[a]nyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion." When granting intervention, the trial court "must determine the parameters of the intervention" and limit intervention "to the extent necessary to protect the interests of all parties." *Bailey v. Bailey*, 310 So. 3d 103, 105 (Fla. 4th DCA 2021) (quoting *Farese v. Palm Beach Partners, Ltd.*, 781 So. 2d 419, 420-21 (Fla. 4th DCA 2001)). The trial court expressly limited appellant's intervention to its ability to exercise a right of redemption. Although appellant argued in part in its motion for rehearing of final judgment that "intervention was erroneously 'limited to purpose of exercising its right of redemption,'" that was exactly what appellant had sought in its motion to intervene.

intervene in the pending foreclosure action," *Bymel [v. Bank of Am., N.A.]*, 159 So. 3d [345, 347 (Fla. 3d DCA 2015)].

225 So. 3d at 895-96 (emphasis added).

In this case, appellant sought, and the trial court granted, intervention **only** to exercise a post-judgment right of redemption. Therefore, appellant was not a party to the final judgment and had no authority to move to rehear the final judgment. *See generally SR Acquisitions-Florida City, LLC v. San Remo Homes at Florida City, LLC*, 78 So. 3d 636, 638 (Fla. 3d DCA 2011) ("A non party with no interest in the case cannot challenge a judgment."). The trial court was correct that appellant's objection was not well taken, because appellant's motion for rehearing of the final judgment was a legal nullity.

We thus affirm the trial court's denial of the objection to sale and denial of rehearing of that order. Appellant's motion for rehearing of the foreclosure judgment did not suspend the judgment's finality, as appellant had no authority to move for rehearing or to contest foreclosure. Appellant's rights were limited to exercising a post-judgment right of redemption.

*Affirmed.*

GROSS and CONNER, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

4