# Third District Court of Appeal

## State of Florida

Opinion filed October 22, 2025.
Not final until disposition of timely filed motion for rehearing.

––––––––––––––––

No. 3D24-2004
Lower Tribunal No. 20-17725-CA-01

––––––––––––––––

## American Mortgage Solutions, LLC,

Petitioner,

vs.

## Fresh Brix Properties, LLC, et al.,

Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Charles Ray Pinson (Tampa), for petitioner.

Martin A. Zucker, P.A., and Martin Aaron Zucker (Boca Raton), for respondent Yosef Sason.

Before EMAS, FERNANDEZ and BOKOR, JJ.

PER CURIAM.

## ON MOTION FOR REHEARING

We grant the Petitioner's Motion to Supplement the Record, for Rehearing, and Clarification, and to the extent that the record is supplemented with the order previously missing from the record, we withdraw our opinion and substitute the following in its place.

In this mortgage foreclosure action, American Mortgage Solutions, LLC ("American Mortgage"), plaintiff below, petitions this Court for a writ of certiorari to quash four post-judgment orders entered by the trial court: (1) order cancelling foreclosure sale (October 17, 2024); (2) case management order (October 22, 2024); (3) order granting intervenor Yosef Sason's motion to intervene (November 6, 2024); and (4) order setting aside the final judgment (November 6, 2024). We find that the trial court departed from the essential requirements of law in granting post-judgment intervention. Accordingly, we grant the amended petition for writ of certiorari and quash the November 6, 2024, order that grants intervention and the November 6, 2024, order that set aside the final judgment.

### I.    Factual Background

In 2020, WRCOF Asset Trust 2017-2 ("WRCOF Trust") filed a complaint against Fresh Brix Properties, LLC (the "Borrower"), Viktoriia

Moskalenko, Dmytro Tkachenko, Ihor Sirenko,[1] and several other parties, seeking, *inter alia*, to foreclose a mortgage on a condominium unit. WRCOF Trust also filed a notice of lis pendens on the property. The complaint alleged Borrower defaulted under a promissory note and mortgage.

Borrower failed to respond to the complaint, and a clerk's default was entered. Then, American Mortgage moved to be substituted for WRCOF Trust as plaintiff, alleging WRCOF Trust had conveyed its interest to American Mortgage. Subsequently, Moskalenko, Sirenko, and Tkachenko filed notices of their intention to waive all defenses and rights in this proceeding. Thereafter, American Mortgage moved for summary final judgment and for judicial default against Borrower.

On October 20, 2023, the trial court granted the motion for judicial default against Borrower and entered final judgment of foreclosure. American Mortgage timely moved to amend the final judgment and to substitute party, pursuant to rule 1.540. The trial court granted the motion and entered an amended judgment. Thereafter, the trial court entered a

---

[1] Per the complaint, Moskalenko, Tkachenko, and Sirenko "may claim some right or interest in the [p]roperty sought herein to be foreclosed by virtue of a Quit Claim Deed recorded . . . however, said interest is subordinate, junior, and inferior to the lien of [WRCOF Trust's Mortgage]."

3

second amended judgment which set the sale of the property for August 12, 2024.

Prior to the sale, on June 25, 2024, Sason filed a motion to set aside the amended final judgment and to cancel the sale. In his motion, Sason alleged he was the successful bidder in a March 5, 2024, foreclosure sale (relating to a separate case: Case No. 2024-000023-CA-01), and attached an amended certificate of title to his motion, reflecting he purchased the property on March 8, 2024. Sason also claimed to be the subrogee of Sirenko, Moskalenko, and Tkachenko and acknowledged that his "interest is inferior to [American Mortgage's].

American Mortgage objected to Sason's motion, arguing Sason is merely a non-party that has not moved to intervene, and that he purchased the property **after** the final judgment had been entered. In response, Sason then filed a motion to intervene, pursuant to Florida Rule of Civil Procedure 1.230. American Mortgage opposed the motion, arguing that Sason, as a post-lis pendens purchaser, "ha[d] no rights in the property at the time the litigation commenced and purchased the property subject to and bound by any judgment rendered in this foreclosure action," and has no standing to intervene.

Before the trial court ruled on Sason's motions, the foreclosure sale was rescheduled for October 21, 2024. Sason then moved to cancel the foreclosure sale, citing the pending motion to set aside. Thereafter, the trial court cancelled the foreclosure sale and noted that it would be rescheduled following the hearing on the motion to set aside.

A hearing took place on October 22, 2024, after which the trial court entered a case management order and granted Sason's motion to intervene and his motion to set aside the amended judgment. This Petition followed.

## II.  Standard of Review

"To prevail in its petition for writ of certiorari, a party must demonstrate that the contested order constitutes (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, (3) that cannot be corrected on post-judgment appeal." Greater Miami Expressway Agency v. Miami-Dade Cnty. Expressway Auth., 393 So. 3d 794, 795 (Fla. 3d DCA 2024) (quoting Damsky v. Univ. of Miami, 152 So. 3d 789, 792 (Fla. 3d DCA 2014)).

## III.  Analysis

While Florida Rule of Civil Procedure 1.230 permits pre-judgment intervention, post-judgment intervention is generally not allowed. See Fla. R. Civ. P. 1.230 ("Anyone claiming an interest in pending litigation may at any

5

time be permitted to assert a right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion."); Neon Invs., LLC v. Afina Pallada, Inc., 299 So. 3d 45, 47 (Fla. 4th DCA 2020) ("Post-judgment intervention generally is not allowed." (citing Dickinson v. Segal, 219 So. 2d 435, 436 (Fla. 1969))).

Here, Sason first moved to intervene months **after** the trial court entered final judgment of foreclosure. Thus, the trial court departed from the essential requirements of the law in granting his post-judgment motion to intervene. See Neon Invs., 299 So. 3d at 47 ("The trial court departed from the essential requirements of law by allowing this post-judgment intervention[.]").

Further, Sason purchased[2] the property, after the instant foreclosure action began and **after** WRCOF Trust filed a notice of lis pendens. A post-lis pendens purchaser is not entitled to intervene. See Tikhomirov v. Bank of N.Y. Mellon, 223 So. 3d 1112, 1114 (Fla. 3d DCA 2017) ("It is well established that a purchaser of property that is the subject of a pending foreclosure action

---

[2] He purchased the property as a result of another, separate action. Thus, Carbonell LLC v. North American Trading Group, Inc., 49 Fla. L. Weekly D2384 (Fla. 3d DCA Nov. 27, 2024) does not apply.

6

is not entitled to intervene in the foreclosure action where a notice of lis pendens has been recorded." (citing Andresix Corp. v. Peoples Downtown Nat'l Bank, 419 So. 2d 1107, 1107 (Fla. 3d DCA 1982)); Bymel v. Bank of America, N.A., 159 So. 3d 345, 347 (Fla. 3d DCA 2015) ("[W]hen property is purchased during a pending foreclosure action in which a lis pendens has been filed, the purchaser generally is not entitled to intervene in the pending foreclosure action. Indeed, if such a buyer purchases the property, he does so at his own risk because he is on notice that the property is subject to the foreclosure action."); Carlisle v. U.S. Bank, Nat'l Ass'n for Harborview 2005-10 Tr. Fund, 225 So. 3d 893, 895-96 (Fla. 3d DCA 2017) (distinguishing from Pearlman v. Pearlman, 405 So. 2d 764 (Fla. 3d DCA 1981) and holding that the general rule—a purchaser post-lis pendens is "not entitled to intervene in a pending foreclosure action"—applied).

Because a post-lis pendens purchaser is not entitled to intervene, Florida appellate courts have found orders granting a post-lis pendens purchaser's post-judgment motion for intervention to warrant certiorari relief. See also Federal Nat'l Mortg. Ass'n v. Gallant, 211 So. 3d 1055, 1059 (Fla. 4th DCA 2017) (holding that an order granting post-judgment intervention "causes material harm because [the party seeking to foreclose] is being prevented from resolving th[e] case, in which a . . . final judgment was

7

entered[.]" and granting a petition for writ of certiorari of an order granting a post-judgment motion to intervene and stay the proceedings); LIV I LLC v. Regions Bank, 310 So. 3d 1136, 1139 (Fla. 2d DCA 2021) (holding "post[-]judgment orders granting intervention may result in irreparable harm if they stay execution of a final judgment" and granting a petition for writ of certiorari of an order granting intervention). Under these circumstances, we conclude that the trial court departed from the essential requirements of law in granting post-judgment intervention.

American Mortgage next argues that the order setting aside the judgment and amended judgment should be quashed because Sason lacked standing to intervene. "Under Florida Rule of Civil Procedure 1.540, only parties or their representatives have standing to seek relief from judgment." SR Acquisitions-Florida City, LLC v. San Remo Homes at Florida City, LLC, 78 So. 3d 636, 638 (Fla. 3d DCA 2011); see also Fla. R. App. P. 1.540(b) (providing that "the court may relieve a party or a party's legal representative from a final judgment"). "While this Court has in the past recognized a limited exception in Pearlman that permits a non-party to seek relief under Rule 1.540(b)," this Court has held that "purchasers post-lis pendens lack Pearlman standing." See Carlisle, 225 So. 3d at 894-96.

Here, when Sason filed his motion to set aside the amended final judgment below, he was not a party in the action. While the trial court then granted Sason's motion to intervene, such granting of post-judgment intervention, as stated above, was a departure from the essential requirements of the law resulting in irreparable harm. See Neon Invs., 299 So. 3d at 47.

Thus, absent an exception, Sason had no standing to seek relief from the judgment. Consistent with the above, we hold the Pearlman exception does not apply to Sason because he is a post-lis pendens purchaser. Since Sason lacked standing to seek relief from a judgment to which it is not a party, the trial court departed from an essential requirement of the law in setting aside the final judgment and amended judgment.

Accordingly, we grant the amended petition for writ of certiorari and quash the November 6, 2024, order that grants intervention and the November 6, 2024, order that set aside the judgment and amended judgment.

Petition granted; orders quashed.